# Davis *v.* The State

## *Habeas Corpus.*

(Decided Dec. 19, 1907.  45 So. Rep. 154.)

*Habeas Corpus; Office of Writ.*—A judgment of conviction cannot be reviewed on a writ of habeas corpus where the court rendering the judgment has jurisdiction of the parties and of the subject matter.

[Davis v. The State.]

APPEAL from Perry Probate Court.

Heard before Hon. J. B. SHIVERS.

Application by Grant Davis for writ of habeas corpus. From a judgment denying the writ, applicant appeals. Affirmed.

The information alleges that Grant Davis was detained by a certain corporation under and by virtue of the contract made with him by Perry county to work the convicts of said county sentenced to hard labor; that Davis was detained under a judgment and sentence rendered and imposed upon him by one J. S. Taylor, a justice of the peace, upon a verdict of guilt of the offense of obtaining money under false pretense; that said judgment and sentence was void because the value of the property alleged to have been obtained by false pretense was in excess of $10 and shown to be so in excess of said sum on the trial of said cause before said justice of the peace. The judgment is not attached, because it is alleged that the same was not in writing; but a paper is attached which is a memorandum made by the justice at the trial. Demurrers were interposed to the petition as follows: "(1) Said petition states that there was a judgment rendered against the said Grant Davis by competent authority and that said petition seeks to invalidate or make void such judgment and alleges that the same is void on account of evidence before said authority on the trial of said cause. (2) The validity of the judgment cannot be collaterally impeached by the truth or falsity of the evidence produced on the trial of the cause. (3) For that a judgment of a justice of the peace is conclusive as to all matters of fact decided by him until the same is directly attacked. (4) For that the judgment of the justice of the peace is conclusive as to all matters of fact decided by him and cannot be col-

laterally attacked. (5) Said petition shows on its face
that it is a collateral attack on a judgment rendered by
the court in this cause on the trial thereof. (6) Said
petition fails to show that said judgment is void on its
face."

DE GRAFFINRIED & EVINS, and THOMAS E. KNIGHT,
for appellant. Where the value of property is in excess
of $10, a justice of the peace cannot try a defendant
charged with false pretense.—Section 4630, Code 1896.
The justice court being one of special and limited juris-
diction may be collaterally attacked in its judgment,
and even if the judgment recites jurisdictional facts,
one may show by extrinsic proof that its recitals are un-
true.—*Cox v. Johnson,* 80 Ala. 24, and authorities cited.
No presumption is indulged to support the judgments
of justice courts as in courts of general jurisdiction.—
23 Cyc. 1082, note 52; *State v. Ely,* 43 Ala. 568. Where
the judgment is ambiguous, parol evidence may be of-
fered to explain it, and show what facts were really in
issue.—*Strother v. Butler,* 17 Ala. 733; 7 Ency. of Evi-
dence, 854. Where a judgment fails to contain a recital
of jurisdictional facts the lack of jurisdiction may be
shown aliunde.—*Ex parte Sand,* 51 Ala. 34; *Kirby v.
The State,* 62 Ala. 54; *Ex parte Davis,* 95 Ala. 9.

ALEXANDER M. GARBER, Attorney General, for the
State. The proceeding before the justice of the peace
could not be collaterally attacked upon habeas corpus.
—*Ex parte Sand,* 51 Ala. 34; *Ex parte Gayle,* 108 Ala.
514; *Ex parte Chandler,* 114 Ala. 8; *Logan v. Central
Co.,* 139 Ala. 548; *Flowers v. The State,* 143 Ala. 59.
Where the court has jurisdiction of the party and the
subject matter in a particular case, unless reversed or
annulled in some proper proceeding the judgment is not

open to attack or impeachment by parties or privies in any collateral action or proceeding whatever.—*Logan v. Central Co., supra; Pollard v. A. L. F. M. Co.,* 103 Ala. 295.

HARALSON, J.—There was nothing in the proceedings or judgment of conviction to show that they were void. The proceedings before the justice of the peace could not be collaterally attacked in the manner here attempted. The trial was had and the defendant found guilty, and from aught that appears, the defendant acquiesced in the judgment of conviction, and was serving out his sentence when the petition was filed. The justice, so far as appears, had jurisdiction of the offense, of obtaining money under false pretenses. The Code conferred it on him, where the subject of the crime does not exceed $10. Code 1896, § 4630. The generally well recognized rule is, that "where the court has jurisdiction of the parties and the subject-matter in the particular case, the judgment, unless reversed or annulled in some proper proceeding, is not open to attack or impeachment, by parties or privies, in any collateral action or proceeding whatever."—Black on Judgments, § 245; Freeman on Judgments, § 524.

"If the court in which the proceedings took place had jurisdiction to render the judgment which it did, no error in its proceedings which did not affect the jurisdiction, will render the proceedings void, nor can such errors be considered, when the judgment is brought collaterally in question."—*McGoon v. Scales,* 9 Wall. (U. S.) 23, 30, 19 L. Ed. 545.

On the same question this court has said: "It is a settled axiom of the law, jurisdiction having attached, applicable to all judicial proceedings, and to all courts, whether inferior or superior, or general, or of limited

jurisdiction, that however irregular, or manifestly erroneous the final order, judgment or decree rendered may be, it is not a nullity, and cannot be collaterally impeached. It is merely irregular or erroneous—it is not void."—*Pollard v. A. F. L. M. Co.*, 103 Ala. 295, 16 South. 801; *Logan v. C. I. & C. Co.*, 139 Ala. 555, 36 South. 729.

In this case it appears that every essential element of jurisdiction is present, and the judgment denying the writ of habeas corpus is affirmed.

Affirmed.

Tyson, C. J., and Simpson and Denson, JJ., concur.

