92 So.2d 10

Roy BRADLEY

v.

STATE of Alabama.

4 Div. 898.

Supreme Court of Alabama.

Jan. 10, 1957.

Joe C. Cassady, Enterprise, for appellant.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

STAKELY, Justice.

The appellant, Roy Bradley, being confined in the county jail of Coffee County under an extradition warrant issued by the Governor of Alabama on request of the Governor of Louisiana, filed a petition with the Circuit Judge of Coffee County for a writ of habeas corpus. After a hearing, the circuit judge rendered a judgment discharging the writ of habeas corpus and ordering the petitioner released from custody. This order or judgment was dated February 28, 1956.

Thereafter on March 17, 1956, the State's Solicitor moved the Court to vacate the aforesaid order of February 28th and to grant a new trial. On September 5, 1956, the Judge of the Circuit Court rendered a judgment or order in pertinent part as follows:

"It Is Therefore Considered, Ordered and Adjudged By the Court that that certain order entered by the Court in this cause on February 28, 1956, dismissing the writ of habeas corpus and discharging the prisoner, Roy Bradley, be and the same is hereby set aside, and a new trial granted in this cause. To this order and each portion thereof the defendant duly reserves an exception."

It is from this order that the present appeal has been sought to be taken. However it is our view that this order is not appealable.

Appeals in habeas corpus proceedings are governed exclusively by § 369, Title 15, Code of 1940, as amended, Pocket Part; Thomas v. State, 34 Ala.App. 160, 37 So. 2d 245; McTyre v. State, 258 Ala. 637, 64 So.2d 601. It has been held by this court that without express statutory authority no appeal lies in favor of the petitioner in such a proceeding. Thomas v. State, 215 Ala. 1, 109 So. 607.

In the case of Carwile v. State, 39 So. 1024, this Court had before it a situation quite similar to the one here involved. There the petitioner obtained an order admitting him to bail, but before bail was accepted, the order was vacated on motion of the solicitor and from this order vacating the order allowing bail, an appeal was sought to be taken. This Court said:

"The order admitting to bail was not such as the judge lost control of, at least before bail was accepted. The effect of setting aside this order was to leave the petition for the writ of habeas corpus still pending before the judge. It is not such an order or judgment as will support an appeal. There is neither a judgment allowing or refusing bail. There is no authority for the appeal (section 4314, Cr. Code 1896), and the same must be dismissed." Carwile v. State, 39 So. 1024, 1025.

The order from which an appeal has been undertaken in the case at bar is neither a judgment granting or denying a release of the petitioner. The effect is to leave the petitioner before the lower court. It is not an appealable order within the controlling statute. Since the right of appeal is purely statutory, it must be dismissed for lack of statutory authority.

This Court is without jurisdiction. McGregor v. McGregor, 250 Ala. 662, 35 So. 2d 685.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.