188 So.2d 287

**Donald V. STINSON**

v.

**STATE.**

6 Div. 168.

Court of Appeals of Alabama.

May 10, 1966.

Rehearing Denied May 31, 1966.

Donald V. Stinson, pro se.

Richmond M. Flowers, Atty. Gen., and Julian S. Pinkston, Asst. Atty. Gen., for the State.

CATES, Judge.

This cause was submitted here April 7, 1966, and is a second appeal. See Stinson v. State, 43 Ala.App. 27, 179 So.2d 94.

" * * * [The] extradition proceedings in this present case comply with statutory provisions setting out the law especially at Title 15, Sections 50 and 52. The record at pages 43, 44 and 45 in this present cause shows the legal admission into evidence of the requisition warrant of the Governor of Louisiana which was, in fact, the hiatus referred to by this Court in its reversal on October 5, 1965.

\*     \*     \*     \*     \*     \*

·"The writ of habeas corpus is concerned solely with the lawfulness of the present holding of the petitioner. Adams v. State, 30 Ala.App. 487, 8 So.2d 219; * * * Consequently, if petitioner-appellant's contention is lawful, that is, if the statutory requirements for the issuance of the Governor's warrant were satisfied and the extradition papers are in order, as is the case here, then regardless of the basis or legality of his original detention, he is lawfully held now and the petition was properly denied. Adams v. State, supra."

The foregoing excerpt from the Attorney General's brief suffices except as to a claim of insufficient identification of the prisoner. Notter v. Beasley, 240 Ind. 631, 166 N.E.2d 643, 93 A.L.R.2d 905, and the accompanying annotation, 93 A.L.R.2d 912, are worth study.

What we said in Davis v. State, ante p. 180, 184 So.2d 849, suffices to support the trial judge:

" * * * by operation of the arresting officer's return on the warrant of the Governor of Alabama, the accused has the burden of showing that he is not the same person. Dunklin v. Wilson, 64 Ala. 162.

\*      \*      \*      \*      \*      \*

"Here, Davis proferred no evidence, hence is not within the practice shown in Harris [Harris v. State], supra [148 Ala. 659, 41 So. 416]."

The problem of what happens to the Oklahoma and Ohio requests when Stinson is off to Louisiana is not before us. Each Governor's rendition warrant is a separate case.

The judgment below is due to be

Affirmed.