231 So.2d 899

**Cleveland PARHAM, III**

v.

**STATE of Alabama.**

**6 Div. 654.**

Supreme Court of Alabama.

Feb. 19, 1970.

---

William T. Kominos, Birmingham, for petitioner.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PER CURIAM.

This is an appeal from the denial by the circuit court of a petition for a writ of habeas corpus filed by the defendant, Parham.

In substance, his petition alleged that he had been brought to trial upon an indictment for robbery and that a mistrial had been erroneously declared by the trial judge, thus placing him in jeopardy, and thereby acquitting him.

Petitioner alleges that the trial judge, in the absence of the jury and over the known objection of the counsel for defendant and off the record, indicated around 5:30 P.M. that if the jury failed to reach a verdict by 10:00 P.M. a mistrial would be declared and the jury would be dismissed. Further, he alleges that the jury failed to reach a verdict by 10:30 P.M., and in the absence of defendant and his counsel and over his known objection, the bailiff dismissed the jury and the next morning the trial judge declared a mistrial.

The hearing on the petition was heard on November 25, 1968, and the petition was denied. The petition was opposed there and here on the ground that habeas corpus is not the proper remedy. We agree.

Prior to the adoption of the Constitution of 1901, this court's interpretation of the common law was "that a court does not possess the power in a capital case to discharge a jury because it cannot or will not agree." Ned v. State, 7 Port. 187, 214.

Section 9 of the Constitution of 1901 was amended by substituting a semicolon for a period and adding a new clause. Section 9 reads:

"That no person shall, for the same offense, be twice put in jeopardy of life or limb; but courts may, for reasons fixed by law, discharge juries from the consideration of any case, and no person shall gain an advantage by reason of such discharge of the jury."

The Legislature then enacted what is now Tit. 30, § 100, Code 1940:

"The courts or presiding judges in all cases of jury trial may discharge the jury without giving a verdict, with the consent of all parties to the trial, or without

the consent of the parties, when in the opinion of the court or judge there is a manifest necessity for the discharge, or when the ends of justice would otherwise be defeated. In all cases, in which the jury is discharged, without a verdict, a mistrial shall be entered upon the minutes of the court, assigning the reason or cause for the mistrial; and no person shall gain any advantage by reason of such discharge of the jury."

■ Section 9 of the Constitution and Tit. 30, § 100, give the trial judge discretion to discharge a jury upon failure to agree. Orr v. State, 40 Ala.App. 45, 111 So.2d 627, 633; affirmed 269 Ala. 176, 111 So.2d 639; Andrews v. State, 174 Ala. 11, 56 So. 998.

■ Petitioner here attempted to show by parol evidence matters not disclosed on the face of the proceedings.

The indictment is regular on its face, the court had jurisdiction and the order of the judge, identified by him as the "Court's record," and read into the record by him, was as follows: "The jury after about six hours on this case said they couldn't agree and they were hopelessly deadlocked. It was the order of the Court that a mistrial be declared and entered in this case and that it be continued to December, 1968, King, Judge."

In Ex parte Rockholt, 271 Ala. 68, 122 So.2d 162, the petitioner in habeas corpus sought to impeach his conviction by showing by parol testimony that neither he, his counsel, nor the judge was present when the jury returned its verdict. We denied the writ and said:

"Where the court proceedings and conviction under which the prisoner is held are of a court of competent jurisdiction and are regular on their face, it is not permissible to impeach the court's jurisdiction by parol testimony. It is only when invalidity appears on the face of the proceedings that it may be impeached on habeas corpus. Vernon v. State, 240 Ala.

577, 200 So. 560; Johnson v. Williams, 244 Ala. 391, 13 So.2d 683; Davis v. State, 153 Ala. 73, 45 So. 154."

In Hable v. State, 41 Ala.App. 398, 132 So.2d 271, cert. den. 368 U.S. 883, 82 S.Ct. 136, 7 L.Ed.2d 83, the court, per Harwood, P. J., said:

"The writ of habeas corpus cannot be used to replace a writ of error, or an appeal. Nor can the writ be used to correct errors in a judgment if the jurisdiction of the court rendering the judgment is without question. The writ is against void but not irregular or voidable judgments. Howard v. City of Bessemer, 40 Ala.App. 317, 114 So.2d 158.

"In habeas corpus proceedings it is not allowable to impeach the court's jurisdiction by parol testimony. Such matters of invalidity must appear on the face of the proceedings. Griffin v. State, 258 Ala. 557, 63 So.2d 682."

Towery v. State, 143 Ala. 59, 39 So. 310 (1904), also states this rule. See State v. Floyd, 22 N.D. 183, 132 N.W. 662, where the court dismissed the jury in the absence of petitioner's counsel and while petitioner was in jail. Petitioner's claims were assumed to be valid, but such an error was held to be a mere irregularity, not affecting jurisdiction, and not reviewable on petition for habeas corpus.

■ Here, the jurisdiction of the circuit court is not questioned, nor the validity of the indictment. Certain alleged irregularities on the part of the judge are urged, but we express no opinion as to them, since they can be pleaded as a defense in a future prosecution on the indictment.

We have not been cited to any decision of this court after 1901 where the discharge of a petit jury has been reviewed here in a habeas corpus proceeding. It appears that the law has been written where the question of double jeopardy was raised by proper plea on a subsequent prosecution. Cases

on this point prior to 1901 are not now apt authority.

Affirmed.

LAWSON, SIMPSON, MERRILL, HARWOOD and MADDOX, JJ., concur.