BLOODWORTH, Justice.
Petition of the State, by its Attorney General, for certiorari to the Court of Criminal Appeals to review and revise the judgment and decision of that Court in Carter v. State, 57 Ala.App. -, 339 So.2d 594, wherein that court admitted respondent to bail.
The petition was sought by the State on grounds of: “conflict,” “decision affects a class of state and county officials,” and case of “first impression.” See Rule 39 A.R.A.P. We granted the petition and this cause was submitted on briefs.
It appears that respondent was arrested and committed to Jackson County jail September 19, 1975, to finish serving a three-month sentence upon a former conviction for assaulting an officer. October 1, 1975, he filed a writ of habeas corpus in the circuit court. It was denied by the judge after a hearing on October 7, 1975. Respondent appealed and asked the trial judge to grant bail pending appeal. It, too, was denied. Respondent then petitioned the Court of Criminal Appeals for bail pending appeal. Bail of $500 was granted by that court on October 13,1975. Petitioner-State applied for rehearing which was denied. This petition for certiorari followed.
Section 369 of Tit. 15, Code of Alabama 1940, has been held to be the exclusive remedy for appeal in habeas corpus cases. Bradley v. State, 265 Ala. 463, 92 So.2d 10 (1957).
This section was amended by Act No. 40, Acts of the Legislature, Regular Session 1949, p. 75 (approved June 10,1949) to read as follows:
“ ‘Section 369. (a) Any party aggrieved by the judgment on the trial of a habeas corpus may appeal to the supreme court or court of appeals.
“ ‘(b) The solicitor or other prosecuting officer or attorney may take an appeal on behalf of the State to the supreme court or court of appeals when, on habeas corpus, any person held in custody under a charge of conviction for crime or for extradition as a fugitive from justice from any other State is discharged from custody, or when any person held in custody under an indictment by the grand jury charging him with a capital offence is admitted to bail. In all such cases the judgment must be suspended pending the appeal.
*575 “ ‘(c) Pending the appeal, the person restrained shall be admitted to bail, with sufficient sureties, conditioned that he will appear before such court or officer as may be prescribed by the judge and abide the judgment rendered, provided such person is charged with an offense that is bailable under the laws of this State and is not a prisoner serving his sentence and the judgment appealed from is not a judgment denying his application for bail.
“ ‘(d) No bill of exceptions or assignments of error shall be necessary or required. Within thirty days from the date of judgment, the clerk of the court from which the appeal is taken shall forward a transcript of the record and a certificate of appeal to the supreme court or court of appeals, together with a statement of the evidence and the judge’s ruling thereon, which shall be certified to be correct by the judge or officer hearing the petition. The appellate court shall consider the case on the record and the evidence as set forth. If the judgment of the trial court is correct, the case shall be affirmed. If the judgment is erroneous, the appellate court shall render such judgment as the trial court should have rendered. When so certified, the case on appeal shall be docketed and submitted to and be considered and decided by the appellate court without delay.’ ” [Emphasis supplied.]
The section appears unchanged in the 1958 Recompiled Code except that: the phrase “charge of” in subsection (b) reads “charge or” [sic?]; “transcript of the evidence” was inserted, by legislative amendment in 1955, in place of “statement of the evidence” in subsection (d) and an additional sentence inserted in (d) providing for preparation of the “transcript of evidence.”
It is the general rule that admission to bail pending a review by appeal in a habeas corpus case is statutory. 39 C.J.S. Habeas Corpus § 115 c. Bail. See also Bradley v. State, supra.
Subsection (c) of § 369, supra, clearly permits bail in those certain specified instances when one has won his release and the state has appealed. State v. Jones, 31 Ala.App. 208, 14 So.2d 590 (1943).
Subsection (c) clearly denies bail when one is a prisoner serving his sentence and when the judgment appealed from has denied his application for bail. This is the case here.
Thus, there is no statutory authority to grant bail, pending appeal, in a habeas corpus case on appeal from a denial of relief to petitioner. See Balasco v. State, 52 Ala.App. 99, 289 So.2d 666 (1974) wherein the Court of Criminal Appeals held:
“Title 15, § 369, Code of Alabama 1940, governing appeals from judgments in ha-beas corpus proceedings, does not provide for bail when the judgment is adverse to petitioner . . . .” [Emphasis supplied.]
The soundness of this legislative enactment is manifest. To permit one serving a sentence (in the county jail or penitentiary) to appeal from an adverse ruling on his habeas corpus petition and thus secure his liberty by bond would permit one to gain indirectly that which was directly denied him. See State v. Jones, supra; 39 C.J.S. Habeas Corpus, supra.
The judgment and order of the Court of Criminal Appeals is reversed and remanded for entry of a judgment and order in conformity herewith.
Reversed and remanded.
HEFLIN, C. J., and MERRILL, MADDOX, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
JONES, J., dissents.