**Richard WRIGHT, Plaintiff,**

v.

**Benjamin WARD, Corrections Commissioner of the State of New York, and William Quick, Superintendent of the Walkill Correctional Facility, Defendants.**

**No. 78 Civ. 4274 (KTD).**

United States District Court, S. D. New York.

Dec. 20, 1978.

---

Richard Wright, pro se.

Louis J. Lefkowitz, Atty. Gen., New York City, for defendants; Barry R. Fertel, Deputy Asst. Atty. Gen., New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, Richard Wright, is presently incarcerated in New York's prison facility located in Auburn, New York. He brings this action, *pro se*, pursuant to 42 U.S.C. § 1983 for injunctive and declaratory relief. More particularly, he alleges that he has been denied procedural due process at the hands of New York's Corrections Commissioner and the Superintendent of the Walkill Correctional Facility.

The essence of plaintiff's claim is that in November, 1977, while confined at the Walkill Correctional Facility, he was notified that he had been designated as a Central Monitoring Case ["CMC"]. He asserts that in light of the loss of many inmate privileges resulting from this designation, he should have been permitted a pre-designation hearing. The failure to provide him with such a hearing allegedly deprived him of procedural due process.

Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted or, in the alternative for summary judgment.

The Central Monitoring Program is a procedure established in October of 1977 by defendant Ward, as the New York Commissioner of Correctional Services, whereby those inmates deemed to require close supervision while in prison are designated as CMC's. The CMC designation has the effect of monitoring those inmates so designated for purposes of controlling their transfers from facility to facility, and controlling their participation in the Temporary Release Program. The practical effect, therefore, of the CMC designation is that the central office of the monitoring program must approve any proposed transfer of the inmate among the New York facilities as well as his participation in the Temporary Release Program. It is important to note, however, that designation as a CMC is not a *per se* preclusion from a transfer or participation in the Release Program, it merely requires an additional approval before such action is taken.

In the instant action plaintiff, upon designation as a CMC, followed the procedures set down in the Central Monitoring Program and appealed first to the Inspector General and then to the Counsel's Office within the Corrections Department. Both appeals were denied. Thereafter, plaintiff filed a petition for the issuance of a writ of habeas corpus in the Supreme Court, Cayuga County, which was also denied.

It is not the policy of federal courts to supervise state prisons, the admin-

istration of which is of acute interest to the several states. *Meachum v. Fano,* 427 U.S. 215, 229, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Accordingly, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanyne v. Haynes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed. 446 (1976). Indeed, in the context of the state prison system, an inmate's right to procedural due process is primarily determined by reference to state law. *Id.* at 242–43, 96 S.Ct. 2543. Thus, where the conditions and degree of confinement are within the confines of the original sentence imposed, absent some statutory right or justifiable expectation rooted in state law there can be no infringement of an inmate's right cognizable under the Due Process Clause. *Id. See also Meachum v. Fano, supra,* 427 U.S. at 224–27, 96 S.Ct. 2532. This is true even where the inmate may suffer adverse consequences amounting to a grievous loss. *Meachum v. Fano, supra,* 427 U.S. at 224, 96 S.Ct. 2532; *Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

■ Applying these principles to the case at bar, it is clear that defendants should be granted summary judgment.

Plaintiff's complaint, as well as his supporting papers are void of any assertion that he had any statutory right or justifiable expectation that prior to his designation as a CMC he was entitled to a hearing. Indeed, no such assertion can be supported by the facts of this case.

It is clear that under the Central Monitoring Program, as established by defendant Ward, there is no provision for a pre-designation hearing. Rather, the procedure provides for an intricate appellate route to be followed by any inmate not content with the designation. Plaintiff had no right under the established procedure to a pre-designation hearing nor is there any basis upon which to infer that he had a reasonable

expectation of one. Thus, there is simply no basis in law or fact upon which plaintiff may hang his alleged right to a pre-designation hearing.

Accordingly, there being no genuine issue of triable fact, defendants' motion for summary judgment is granted.

Settle judgment on ten days' notice.