This case concerns (1) an appeal from the denial of a writ of habeas corpus and (2) an original petition for writ of habeas corpus filed in this court.
On March 5, 1981, appellant filed a petition for writ of habeas corpus in the Circuit Court of Jefferson County. The petition *Page 902 
alleges that the appellant was arrested on January 8, 1981, on an indictment returned by the Jefferson County Grand Jury and that he is illegally restrained "without adequate process and is being denied due process and a probable cause adjudication." After a timely hearing, the trial court denied the petition. The trial judge entered an extensive order setting out the testimony which constitutes probable cause for charging the appellant with the instant offense.
 I
The writ of habeas corpus is concerned solely with the lawfulness of the present holding of the petitioner. Stinson v.State, 43 Ala. App. 257, 188 So.2d 287, cert. denied, 279 Ala. 691, 188 So.2d 288 (1966). The record shows that the appellant was indicted under Code § 13A-5-31 (5) for the capital murder of a police officer. The indictment is valid on its face and therefore supports the legal detention of the appellant. Parhamv. State, 285 Ala. 334, 231 So.2d 899 (1970); Vernon v. State,240 Ala. 577, 200 So. 560 (1941). Our review of habeas corpus proceedings is confined to jurisdictional matters only. Nationsv. State, 41 Ala. App. 581, 141 So.2d 537 (1962). The appellant's attempt to use the writ for a pretrial test of the sufficiency of the evidence or for discovery is outside the scope of habeas corpus proceedings. Habeas corpus will usually not issue where the proceedings under which a petitioner is detained are still pending, undisposed of, and the ordinary procedure of the law is still available to him. 39 C.J.S.Habeas Corpus § 12. This high extraordinary writ is not intended as a substitute for the functions of the trial court, and, in the absence of exceptional circumstances, the orderly course of the trial should be pursued. 39 Am.Jur.2d HabeasCorpus § 20.
 "[H]abeas corpus may not be used to interfere with or interrupt the orderly administration of the criminal laws by a competent court acting within its jurisdiction or as a substitute for the ordinary proceedings of a trial court." United States ex rel. Palma v. Saegert, 251 F.2d 59, 60 (5th Cir. 1957).
 II
Counsel for appellant contends that Act No. 81-178, Acts of Alabama 1981, approved March 31, 1981, repealed the capital felony statute upon which the instant indictment is founded (Code § 13A-5-30 through § 13A-5-38). This issue was not raised in the trial court below, and we cannot review that court on an issue never presented to it. Issues not presented in the trial court cannot be considered in an appellate court on appeal from denial of habeas corpus. Rayburn v. State, 366 So.2d 698
(Ala.Cr.App. 1978), affirmed, 366 So.2d 708 (Ala. 1979);Mayberry v. Davis, 608 F.2d 1070 (5th Cir. 1979).
Counsel for appellant requests that his reply brief filed in this cause be considered as an original petition for writ of habeas corpus in this court. His reply brief is not verified and fails to comply with Code § 15-21-4; however, for purposes of an early disposal of the issues presented, we will look past form to the substance of the matter and address the question presented. Otherwise, the appellant would be forced to file another petition in the circuit court and on an adverse ruling would be before this court again with the same issues presented.
We find that the new death penalty statute (Act No. 81-178,supra) did not repeal the old statute (Code § 13A-5-30 through § 13A-5-38) as to offenses occurring prior to the effective date of Act No. 81-178, which is specifically stated in Section 24 as "12:01 a.m. on July 1, 1981." Section 19 of Act No. 81-178 states: "This act applies only to conduct occurring after its effective date. Conduct occurring before the effective date of this act shall be governed by pre-existing law." Section 20 repeals the old death penalty statute, but specifically provides: "This repealer shall not affect the application of pre-existing law to conduct occurring before the effective date of this act."
It is clear that the legislature intended to apply pre-existing law (Code § 13A-5-30 through § 13A-5-38) to conduct occurring *Page 903 
prior to 12:01 a.m. on July 1, 1981, and to apply Act No. 81-178 to all conduct occurring on and after that time and date.
The fact that the title to Act No. 81-178 did not fully qualify the reference to repealing the old statute does not render the qualified repealer in the body of the act unconstitutional per art. IV, § 45, Constitution of Ala. 1901. That constitutional provision requiring that the subject of an act "shall be clearly expressed in its title" does not mean that the title is to be a complete index and detailed catalog of every clause, section or provision in the act relating to its subject. Alldredge v. Dunlap, 240 Ala. 27, 197 So. 36
(1940); Salmon v. Birmingham Parking Authority, 294 Ala. 226,314 So.2d 687 (1975). In Opinion of the Justices, 262 Ala. 345,349, 81 So.2d 277, 281 (1955), our supreme court stated:
 "It is sufficient to say that the title of an act need not be an index to it nor need it catalogue all powers intended to be bestowed. When the subject is expressed in the title in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in and authorized by it. . . ."
The single subject of Act No. 81-178, supra, is the establishment of new capital felony offenses in Alabama. All other provisions of the act concerning punishment, procedure, effective date and repealer relate to that single subject.Knight v. West Alabama Environmental Improvement Authority,287 Ala. 15, 246 So.2d 903 (1971). We therefore affirm the trial court's denial of the petition for writ of habeas corpus filed therein and, treating the appellant's request in his reply brief as an original petition for writ of habeas corpus filed in this court pursuant to Amend. 328, § 6.03 (d), Constitution of Ala. 1901 and Code § 12-3-11, the same is hereby denied.
AFFIRMED; PETITION DENIED.
All the Judges concur except HARRIS, P.J., concurs in the result only.