■ In the Matter of CHRIS G. ALEVRAS, Appellant, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents, and ROBERT ABRAMS, as Attorney-General of the State of New York, Additional Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to expunge a central monitoring case classification from all records of the Department of Correctional Services, petitioner appeals from a judgment of the Supreme Court, Richmond County (Felig, J.), dated September 2, 1981, which dismissed the petition. Judgment affirmed, without costs or disbursements. A prisoner's right to challenge a central monitoring case (CMC) designation is established by the rules of the Department of Correctional Services governing the procedure for inmate classifications. (*Greenholtz v Nebraska Penal Inmates,* 442 US 1, 11; *Pugliese v Nelson,* 617 F2d 916, 925-926; *Wright v Ward,* 462 F Supp 344, 346; *Matter of Ramirez v Ward,* 64 AD2d 995.) Pursuant to section III C of CMC Directive No. 0701, dated March 20, 1979, an inmate, upon classification, is to be so notified and told of his or her right to appeal a CMC designation. On August 11, 1980, the petitioner was designated a CMC. However, according to prison records, he was not informed of his classification and right to appeal until June 8, 1981. Accordingly, he seeks, *inter alia,* to compel respondents to expunge his classification. This court does not condone the failure of prison officials to comply with the appropriate rules. Nevertheless, expungement is inappropriate in this case as no adverse consequences resulted from late notification. At this juncture, an administrative appeal, which respondents concede is still available to the petitioner because of the late notification, will afford petitioner an adequate opportunity to contest his classification as a central monitoring case. (*Pugliese v Nelson, supra.*) Consequently, the judgment dismissing the petition is affirmed. Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.