461 So.2d 39 (1984)
George EDWARDS and Franklin D. Harris
v.
STATE of Alabama.
7 Div. 307.
Court of Criminal Appeals of Alabama.
October 23, 1984.
Rehearing Denied November 27, 1984.
*40 George Edwards and Franklin D. Harris, pro se.
Charles A. Graddick, Atty. Gen., and Richard L. Owens, Asst. Atty. Gen., for appellee.
TYSON, Judge.
George Edwards and Franklin D. Harris filed a petition for writ of habeas corpus in the St. Clair Circuit Court. The petition was denied without a hearing and the petitioners now appeal from the denial of their petition.
Petitioner Harris was found guilty of intentionally creating a security or health hazard at a disciplinary hearing. The Disciplinary Board recommended that Harris be remanded to the Receiving and Reclassification Center for reclassification, lose up to six months of good time and lose pass/leave privileges. Petitioner Harris had been on work release status prior to the disciplinary hearing. Pursuant to the Disciplinary Board's decision, Petitioner Harris was reclassified and transferred to the St. Clair Correctional Facility.
Petitioner Harris appealed the Disciplinary Board's decision and his appeal was granted by the Department of Corrections Commissioner. The Commissioner ordered the Director of Central Records to expunge the Central Records of any reference to this disciplinary.[1]
In their petition for writ of habeas corpus, the petitioners contend they are being unlawfully detained at the St. Clair Correctional Facility and should be returned to their status before the disciplinary. We must agree.
The Department of Corrections Administrative Regulations Number 403, § VI, 13(d)(1) states that upon the Commissioner's approval of an appeal, "[t]he director will take all actions to expunge the disciplinary from the inmate's central record and return the inmate to his previous status prior to the disciplinary...."
*41 In light of the above quoted portion of Administrative Regulation Number 403, we must reverse and remand this cause to the trial court with instructions. The Director of Central Records must file an answer in that circuit court in order that the appropriate action can be taken pursuant to Administrative Regulation Number 403 with respect to these petitioners.
The initial order denying the habeas corpus petition is hereby set aside and vacated.
REVERSED AND REMANDED.
All the Judges concur except BOWEN, P.J., who dissents with opinion.
BOWEN, Presiding Judge, dissenting.
Inmates Harris and Edwards were assigned to the Decatur Work Release Center. On February 4, 1984, they failed to report to work. After a hearing, the Disciplinary Board recommended that the inmates be transferred and reclassified.
The inmates appealed and the Commissioner of the Department of Corrections reversed the decision of the Disciplinary Board and ordered the disciplinary expunged from the central record of each inmate.
During the pendency of the appeal, both inmates were transferred to the St. Clair Correctional Facility. Petitioners claim that their rights of due process have been violated and that they should be returned to their status on work release.
The majority opinion quotes from Department of Corrections Administrative Regulation Number 403. Nowhere in either the record on appeal or in the briefs of the parties is that regulation set out. I know of no authority by which this Court can take judicial knowledge of that administrative regulation. "[O]ur courts will not take judicial notice of the regulations of an administrative board, unless they are of such wide application and established duration as to have become a part of the common knowledge of well informed persons." State v. Friedkin, 244 Ala. 494, 497, 14 So.2d 363 (1943). Judicial notice will be taken of the rules and regulations of an administrative board where a statute referring to such rules and regulations expressly declares that they shall have the force and effect of law. Friedkin, 244 Ala. at 497, 14 So.2d 363.
Moreover, work release does not constitute a "liberty" interest entitling the inmate to a due process hearing. Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976). The due process clause of the Fourteenth Amendment does not entitle state prisoners to a hearing when they are transferred from a medium to a maximum security prison absent a state law or practice conditioning such transfers on proof of serious misconduct or the occurrence of some other event. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). See also Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Even the Alabama statutes dealing with parole create no liberty interest entitled to the protection of due process. Gaines v. State, 415 So.2d 1 (Ala. Cr.App.1982).
This Court should not become involved in the enforcement of prison administrative rules and regulations. I would affirm the judgment of the circuit court.
NOTES
[1] As the State points out in its brief, the record does not contain a disciplinary report for Petitioner Edwards. However, the record does indicate that he was also found guilty of intentionally creating a security or health hazard by the Disciplinary Board and his appeal of that decision was granted by the Commissioner. Therefore, even though the record does not contain the disciplinary report, our opinion is applicable to Petitioner Edwards.