McMILLAN, Judge.
From an order entered by the trial court remanding to the Department of Corrections a ruling issued in a prison disciplinary hearing, this appeal follows. For the reasons outlined below, this appeal is due to be dismissed.
On March 12, 1985, the appellant filed a “petition for a writ of habeas corpus” alleging that he is “restrained of due process and ‘liberty’ rights as provided him through the Fourteenth Amendment.” Appellant contends in his petition that said due process violation occurred in connection with a disciplinary hearing held at the Kilby Prison on October 24, 1984. As a result of said disciplinary hearing, the appellant was found to be guilty of the offense of “unauthorized possession of a weapon or device.” The appellant was then deprived of certain store, phone, and visitation privileges and his custody classification was increased from minimum to medium. On April 23, 1985, the State, by, and through its Assistant District Attorney, filed a response to the petition, requesting that the trial court enter an order remanding the disciplinary proceeding to the Board with instructions to hold another hearing.
On April 26, 1985, the Honorable Joe Macon, Circuit Judge, Elmore- County, Alabama, entered an order which concluded that the appellant was “entitled to a more meaningful hearing than he received.” In its directive, the order states as follows:
“The Disciplinary held on October 24, 1984 against the petitioner for violation of Rule 52, unauthorized possession of a weapon or device, ... is hereby remanded to the Department of Corrections with instructions to resubmit said disciplinary to a disciplinary board within thirty days of the receipt of this Order. It is further
Ordered by the Court that the Department of Corrections give the petitioner a full range of due process to which he is entitled. Specifically but not exclusively the Court orders the board to make a detailed finding of fact of the evidence relied on to reach its verdict.”
It is from this order that the present appeal was filed.
The sole issued raised on appeal is stated as follows: “Did the trial court err in refusing to order that the unconstitutional disciplinary be expunged from Mr. Bearry’s file and did it further err in ordering that the disciplinary be re-submitted to a disciplinary board?” In support of his position, the appellant cites certain federal court cases, as well as the Alabama case of Edwards v. State, 461 So.2d 39 (Ala.Cr.App.1984). In Edwards, however, the trial court denied the appellant’s petition for writ of habeas corpus and this court reversed and remanded. In the present case, unlike Edwards, the trial court remanded the matter to the Department of Corrections, with instructions.[1]
It is apparent that, in the present case, the order entered by the trial court is not an “appealable order” under the authority of Bradley v. State, 265 Ala. 463, 92 So.2d 10 (1957). In Bradley, the trial court, pursuant to a petition for writ of habeas corpus, originally entered an order releasing the petitioner from custody. After a motion was filed by the State, the trial court reconsidered, vacated its earlier order, and entered an order granting a new trial. On appeal, the Alabama Supreme Court concluded that the order granting a new trial was not an “appealable order” and reasoned as follows:
“The order from which an appeal has been undertaken in the case at bar is neither a judgment granting or denying a release of the petitioner. The effect is *1270 to leave the petitioner before the lower court. It is not an appealable order within the controlling statute. Since the right of appeal is purely statutory, it must be dismissed for lack of statutory authority. This court is without jurisdiction.” (Citations omitted.) Id. 265 Ala. at 464-465, 92 So.2d at 11.
In the present case, it is apparent that the trial court has neither granted nor denied the appellant’s petition for writ of habeas corpus, because the matter has been remanded to the disciplinary board, with instructions.
Under the authority of Bradley, supra, this court is without jurisdiction to consider the appeal at this time. This conclusion follows the general rule that “habeas corpus will usually not issue where the proceedings under which a petitioner is detained are still pending, undisposed of, and the ordinary procedure of the law is still available to him.” Watkins v. State, 409 So.2d 901, 902 (Ala.Cr.App.1981), citing 39 C.J.S. Habeas Corpus § 12.[2]
APPEAL DISMISSED.
All the Judges concur.

. After noting that it does not "condone the failure of prison officials to comply with the appropriate rules,” the New York court concluded that "expungement [of the inmate’s Central Monitoring Case classification] is inappropriate in this case as no adverse consequences resulted from later notification [of the inmate’s right to appeal the classification].” Alevras v. Coughlin, 449 N.Y.S.2d 310, 87 A.D.2d 868 (1982). The court in Alevras upheld the lower court’s dismissal of the inmate’s petition and reasoned that "an administrative appeal ... will afford petitioner an adequate opportunity to contest his classification.” Id. 449 N.Y.S.2d at 310, 87 A.2d at 868.

. Of course, Watkins deals with an "attempt to use the writ [of habeas corpus] for a pretrial test of the sufficiency of the evidence or for discovery.” 409 So.2d at 902. As such, it is clearly distinguishable from the present case. The analysis of the law of habeas corpus in Watkins, however, is applicable to the present case.