TYSON, Judge.
Oscar Dukes appeals from the denial of a habeas corpus petition filed in the Circuit Court of Barbour County, Alabama, which was denied by that court without conducting an evidentiary hearing.
Specifically, the appellant complains that he was denied due process of law in a prison disciplinary hearing wherein he was found guilty of violating Rule 31 of the Rules of the Board of Corrections, i.e., assault on a fellow inmate, and, as a result, was removed from work release to a more restrictive environment.
*684 The Board of Corrections, through the district attorney, filed its return showing that this appellant had been found guilty of slapping or striking a fellow inmate on his left cheek near his ear. This took place on April 8, 1989, at approximately 5:00 p.m. near where trash or garbage cans are washed.
It was stated to the investigating officers that the appellant had struck a fellow inmate named Nixon, and that he had made some comments of a homosexual nature to this inmate and had threatened him. Two other inmates who were present at the time were separately questioned and one of these inmates indicated that he thought that the two were “horsing” around while the other inmate verified the complaint which inmate Nixon had given the two officers, George Childree and Drew Manley.
A hearing was conducted at the institution based on this complaint, and inmate Dukes was taken to the Marion County Jail pending investigation. At the hearing inmate Dukes testified, “I never touched the man, we jerk around all the time while working.” He stated that Nixon had called him some racial names and that he got mad and shook him. However, the officers presented their findings based on their investigation and this appellant was removed from work release status and returned for a reclassification or review pertaining to his status.
The issue thus presented by this appeal is whether the removal of a prison inmate from work release status is the deprivation of such a “liberty interest” within the meaning of the due process clause as to require a due process hearing within the meaning of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), or Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
The State calls this court’s attention to its opinion in Edwards v. State, 461 So.2d 39 (AIa.Crim.App.1984). We do hereby distinguish the Edwards case from the cause presently before us. We point out that since this court’s opinion in Edwards, the United States Court of Appeals for the Eleventh Circuit has reviewed the claim of an inmate with reference to the loss of his work release status, and presented the question as to whether this was so grievous as to trigger a due process right which would entitle him to the appropriate hearing within the meaning of Wolff v. McDonnell, supra. That court in Whitehorn v. Harrelson, 758 F.2d 1416 at 1421 (11th Cir.1985), reviewed Whitehorn’s claim with reference to his work release status. In reviewing that opinion, we note that the court in Whitehorn asserted that the loss of work release status was not a “liberty interest deprivation” which was protected by the Fourteenth Amendment to the U.S. Constitution. We accept, as to the instant appeal, the State’s argument that the loss of work release status here by this appellant, Oscar Dukes, was not such a grievous loss as to trigger the due process protection under the cases cited in this opinion. Specifically, see Whitehorn.
For the reasons stated, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, J., concurs specially with opinion.