■ In the Matter of MARIO CHACON, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents.—Appeal from a judgment of the Supreme Court (Monserrate, J.), entered November 27, 1991 in Chemung County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to exhaust administrative remedies.

Even were we to assume that petitioner is correct in arguing that he did not receive notification of the denial of his appeal of his designation as a central monitoring case within 15 days pursuant to 7 NYCRR 1000.5 (b), it is clear that petitioner did receive a copy of the decision at the time of respondents' answer. Respondents concede that the administrative appeal process is still open to petitioner; thus, petitioner must first exhaust those procedures *(see, Matter of Alevras v Coughlin,* 87 AD2d 868; *cf., Matter of Valvano v Jones,* 122 AD2d 336). The same reasoning applies to petitioner's allegation that he was not informed of the second step in the appeal process. Finally, any argument by petitioner that the regulatory procedure for review of central monitoring case designations violates due process lacks merit *(see, Matter of Whitehead v Jones,* 172 AD2d 887).

Weiss, P. J., Mercure, Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BETH KIRKEGAARD, Appellant.—Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 5, 1991, convicting defendant upon her plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant's only contention on appeal is that her sentence of 2 to 6 years' imprisonment is harsh and excessive. Defendant pleaded guilty knowing that she would receive the sentence ultimately imposed by County Court. In addition, as a part of the plea arrangement a pending misdemeanor charge was withdrawn. In light of these circumstances, as well as defendant's past criminal history, we find no abuse of discretion in the sentence imposed by County Court *(see, People v Gray,* 131 AD2d 590; *People v Neira,* 130 AD2d 518, *lv denied* 70 NY2d 715).

Weiss, P. J., Mercure, Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.