T-Shocke Bush, the appellant, appeals from an order in the Escambia Circuit Court granting the State's motion to dismiss the appellant's petition for writ of habeas corpus and denying the petition without an evidentiary hearing.
The appellant complains that he was denied due process of law in three prison *Page 395 
disciplinary hearings wherein he was found guilty of violating the following rules of the Alabama Board of Corrections: Rule 31, assault on another inmate; Rule 35, fighting without a weapon; Rule 56, failure to obey a direct order of a Department of Corrections official; and Rule 44, threatening a guard. His petition for writ of habeas corpus alleged: (1) that he was denied the right to call witnesses on his behalf at his disciplinary hearing, (2) that he was denied the right to an impartial hearing in violation of the equal protection clause because only white correctional officers are allowed to hear disciplinary charges against black inmates, and (3) that he was denied due process because the hearing officer failed to maintain a true and correct record of the disciplinary proceeding. The district attorney filed a motion to dismiss the petition, which was supported by copies of numerous prison documents. R. 15-82. The trial court dismissed the petition by written order, finding the petition "without merit." R. 83.
In his brief on appeal, the appellant's argument concerns a confrontation with Corrections Officer James Nall, which occurred on March 5, 1992. That incident resulted in Officer Nall's charging the appellant with violating Rule 56, failure to obey a direct order of a Department of Corrections official and with violating Rule 44, threatening a Department of Corrections official. A finding of guilty on both charges prompted the appellant to file his petition for writ of habeas corpus. However, in his brief, the appellant also complains of and has included in the record details concerning a disciplinary charge dated October 3, 1990, for assault on another inmate, and a disciplinary charge dated December 2, 1990, for fighting without a weapon, as contributing to the loss of privileges of which he now complains.
"This Court cannot become the original finder of fact. This Court is bound by the record and may not consider asserted facts which cannot be ascertained by the record." Richie v.State, 481 So.2d 454, 455 (Ala.Cr.App. 1985). There has been no showing in the record of a lack of impartiality by the disciplinary committee which would serve as grounds for habeas corpus relief. " ' "The disciplinary board must be impartialmeaning that a board member must not be the arresting officer,witness to the actual incident, the investigating officer, aparty to the incident, the victim of the incident, or anofficial who has approval authority over the disciplinary." ' "Ex parte Crear, 460 So.2d 1208, 1209 (Ala. 1983) (quoting the Alabama Board of Corrections' Administrative Regulation 403, "Disciplinary Board Hearings Procedure for Major Violations," dated March 12, 1976) (emphasis in Regulation).
The petitioner's complaints were not preserved for review by objections at the disciplinary hearings. Walden v. State,552 So.2d 192, 193 (Ala.Cr.App. 1989). The disciplinary report from each hearing is included in the record and affirmatively shows that due process requirements were satisfied and that valid reasons were given for refusing to allow certain witnesses requested by the petitioner to testify. See Jackson v. State,497 So.2d 618, 619 (Ala.Cr.App. 1986) (judgment of circuit court denying petition reversed because record contained no disciplinary report affirmatively showing that due process requirements were met and because the motion to dismiss was not responsive to allegations in petition).
The appellant makes other allegations in his brief that were not presented to the trial court (that prison officials confiscated and destroyed his personal property; that black inmates had been "beat a lot" by Officer Nall; that Officer Nall placed disciplinary charges on black inmates without justification; that it was "wrong" to have no black hearing officers; that the appellant was charged with disciplinaries on the basis of his religious beliefs; that prison officials refused to allow the appellant to practice the Islamic religion). "Issues not presented in the trial court cannot be considered in an appellate court on appeal from denial of habeas corpus." Watkins v. State, 409 So.2d 901, 902
(Ala.Cr.App. 1981). *Page 396 
The judgment of the circuit court denying the petition is affirmed.
AFFIRMED.
All Judges concur.