LONG, Presiding Judge.
The petitioner, R.D., filed this petition for a writ of habeas corpus asking us to order the trial court to grant his request that bail be set pending the State’s appeal from the order granting him a new trial. In 1992, R.D. was convicted of two counts of sexual abuse and was sentenced to 10 years in the state penitentiary. The sentences were to run concurrently. His convictions were affirmed on direct appeal. R.D. v. State, 706 So.2d 770 (Ala.Cr.App.1997), cert. denied, — U.S. -, 119 S.Ct. 79, 142 L.Ed.2d 62 (1998). In June 1998, R.D. filed a Rule 32, Ala.R.Crim.P., petition for postconviction relief, attacking his convictions and arguing, in part, that the State violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose what he alleged was exculpatory information. In March 1999, Judge Greenhaw granted the relief requested in the petition. The State promptly appealed, pursuant to Rule 32.10(a), Ala.R.Crim.P. R.D. then filed a motion to set bail pending the outcome of the State’s appeal. Judge Greenhaw denied his request; this petition followed.
R.D., citing Art. I, § 16, Alabama Constitution of 1901, argues that he is constitutionally entitled to be released on bail because, he says, his conviction has been set aside and he is “again in the posture of being ‘before conviction.’ ” He cites § 12-22-90(c), which governs appeals from habeas corpus petitions, and the Alabama Supreme Court’s decision in Carter v. State, 339 So.2d 574 (Ala.1976), in support of this contention. In his petition he argues, “A successful petitioner in a habe-as corpus case (now Rule 32) has a statutory right to bail pending appeal taken by the state.” R.D. further argues that Rule 32.10(b),[2] which provides that a defendant may not be released pending appeal of an order granting a new trial, conflicts with Art. 1, § 16, Alabama Constitution of 1901.
Art. 1, § 16, Alabama Constitution of 1901, provides:
“That all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great; and that excessive bail shall not in any case be required.”
(Emphasis added.)
R.D.’s argument is premised on the belief that a habeas corpus petition seeks the same remedy as the postconviction petition he filed in this case. R.D.’s petition was clearly a Rule 32, Ala.R.Crim.P., petition.[3] Section 15-21-1 governs the filing of habe-as corpus petitions and provides:
“Any person who is imprisoned or restrained of his liberty in the State of Alabama on any criminal charge or accusation or under any other pretense whatever, except persons committed or detained by virtue of process issued by a court of the United States or by a judge thereof in cases of which such courts have exclusive jurisdiction under the laws of the United States or have acquired exclusive jurisdiction by the commencement of actions in such courts, may prosecute a writ of habeas corpus according to the provisions of this chapter to inquire into the cause of such imprisonment or restraint.”
*199 (Emphasis added.) This section does not address postconviction petitions. The postconviction petition in this case was not a “habeas corpus” petition within the meaning of § 15-21-1.
What R.D. also fails to consider is that he has already been convicted and sentenced, and he has sought review by direct appeal. R.D. is not in the same posture he was in before a jury adjudicated him guilty of the charges. Although the trial court granted R.D. relief by ordering a new trial, that order is not final because the State has appealed.
“ ‘ “After an appeal is taken, the court whence it came loses control of the subject matter or question in the case made the subject of the order, judgment, or decree from which the appeal is taken. Action in said cause should be suspended in the trial court until the appeal is effectively abandoned, dismissed, or decided.” ’ ”
Gordon v. State, 710 So.2d 943, 945 (Ala.Cr.App.1998), quoting McKinney v. State, 549 So.2d 166, 167-68 (Ala.Cr.App.1989), quoting, in turn, Lewis v. Martin, 210 Ala. 401, 409, 98 So. 635 (1923). All proceedings in the circuit court are stayed pending the disposition of the appeal.
More importantly, for many years Alabama courts have held that Art. 1 § 16, Alabama Constitution of 1901, does not apply to postconviction proceedings. “These constitutional provisions [Art. I, § 16, Ala. Constitution of 1901, and Art. 8, United States Constitution] have been held by this court to be inapplicable to postcon-viction bail pending appeal. [Ex parte] Pace v. State, 45 Ala.App. 132, 226 So.2d 676 (1969); Floyd v. State, 389 So.2d 967, 969[967] (Ala.Cr.App.1980).” Smith v. State, 435 So.2d 221, 222 (Ala.Cr.App.1983). See also Sanders v. State, 42 Ala.App. 419, 423, 167 So.2d 174, 183 (1964). This is true, in part, because postconviction petitions are civil in nature; they are not criminal proceedings. Young v. State, 724 So.2d 82 (Ala.Cr.App.1998). The United States Supreme Court in Pennsylvania v. Finley, 481 U.S. 551, 556, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), stated the following about postconviction petitions:
“Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. See Fay v. Noia, 372 U.S. 391, 423-23, 83 S.Ct. 822, 841, 9 L.Ed.2d 837 (1963). It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief, cf. United States v. MacCollom, 426 U.S. 317, 323, 96 S.Ct. 2086, 2090-2091, 48 L.Ed.2d 666 (1976) (plurality opinion), and when they do, the fundamental fairness .mandated by the Due Process Clause does not require that the State supply a lawyer as well.
[[Image here]]
“At bottom, the decision below rests on a premise that we are unwilling to accept — that when a State chooses to offer help to those seeking relief from conviction, the Federal Constitution dictates that exact form such assistance must assume. On the contrary, in this area States have substantial discretion to develop and implement programs to aid prisoners seeking to secure postcon-viction relief.”
481 U.S. at 556-59, 107 S.Ct. 1990.
Furthermore, RJD.’s reliance on Carter v. State, 339 So.2d 574 (Ala.1976), and on § 12-22-90(c) is misplaced. As stated above, the petition in this case was not a habeas corpus petition but a postconviction petition filed pursuant to Rule 32, Ala. R.Crim.P. The court in Carter, citing Title 15, § 369, Code of Alabama 1940 (now § 12-22-90, Alabama Code 1975), stated that a successful habeas corpus petitioner is entitled to bail pending appeal if he “has won his release and the state has appealed.” However, the Carter Court also cited § 369, Tit. 15, Code of Ala.1940 (now § 12- *200 22-90(c)), which addresses appeals from habeas corpus petitions, and states:
“ ‘(c) Pending the appeal, the person restrained shall be admitted to bail, with sufficient sureties, conditioned that he will appear before such court or officer as may be prescribed by the judge and abide the judgment rendered, provided such person is charged with an offense that is bailable under the laws of this state and is not a prisoner serving his sentence and the judgment appealed from is not a judgment denying his application for bail.’ ”
(Emphasis added in Carter.)
R.D. is serving a lawful sentence after having been duly convicted and sentenced in the circuit court. He was not granted relief before conviction on a habeas corpus petition but was granted relief as the result of a postconviction proceeding filed after the direct appeal process was exhausted. ■ Section 12-2-7(4), Ala.Code 1975, authorizes the Alabama Supreme Court “[t]o make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts.... ” As the United State Supreme Court stated in Pennsylvania v. Finley, 481 U.S. at 556, 107 S.Ct. 1990: “It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief .... ” (Emphasis added.) Alabama has complete authority to adopt its own procedures for postconviction relief. The Alabama Supreme Court has chosen to do so by adopting Rule 32, Ala.R.Crim.P.
Rule 32.10(b), Ala.R.Crim.P., provides that a petitioner shall not be released on “bond pending appeal by either party.” However, the Rule also provides that when a judgment is reversed and that judgment is “legally effective” or final, the “rules governing release on bond pending an initial trial” apply. If the appellate court affirms the lower court’s ruling granting a new trial, then R.D. will be constitutionally entitled to bail pending his retrial because he will be presumed innocent until proven guilty, in accord with the presumption behind the adoption of Art. 1, § 16, Alabama Constitution of 1901.
The trial court correctly applied the Alabama Rules of Criminal Procedure and denied R.D.’s motion for bail. For the foregoing reasons, this petition is due to be denied.
PETITION DENIED.*
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.

. Rule 32.10(b) states:
“The petitioner shall not be released on bond pending appeal by either party. Release of the petitioner on bond pending a retrial after an order requiring retrial has become final, or after the time for filing an appeal from such an order has lapsed, shall be governed by the laws and rules governing release on bond pending an initial trial.”

. This Court has many times stated that a habeas corpus petition may not be used as a substitute for an appeal and that "[h]abeas corpus is not the correct remedy to correct errors and irregularities in a trial in a court of competent jurisdiction." Smith v. State, 440 So.2d 1222, 1224 (Ala.Cr.App.1983).

 Note from the reporter of decisions: On July 9, 1999, the Supreme Court denied R.D.’s petition for a writ of habeas corpus, without opinion. Ex parte R.D. (docket no. 1981464).