# McKay v. The State.

*Indictment for selling Spirituous Liquors without a License, and Contrary to Law.*

1.  *Local jurisdiction of offense committed near county boundary.*—The statute which provides that "when an offense is committed on the boundary of two or more counties, or within a quarter of a mile thereof," the jurisdiction is in either county (Code, § 3720), must be confined in its operation to offenses common to each of the adjoining counties in all their ingredients and penalties; and a person can not be prosecuted in one county for an offense committed in an adjoining county, but within a quarter of a mile of the boundary line, where the act done is not an offense against the law obtaining in the county of the forum; it being necessary that the law of the forum must be identical in its definition of the offense and its penalties therefor with the law obtaining in the county where the offense was committed.

2.  *Same; facts in this case.*—The counties of Butler and Conecuh, being adjoining counties having each a statute prohibiting the selling, etc., of intoxicants, (Acts 1886-87, pp. 665, 695, 700; Acts 1888-89, p. 512), which differ both in the definition of the offenses intended to be created and in the punishment to be inflicted therefor, a person who illegally sells liquor in Butler county, but within a quarter of a mile of the boundary line between that county and Conecuh, can not be convicted in the latter county for a violation of its prohibitory statute by such sale under the provisions of the statute, which provides that when an offense is committed upon the boundary of two or more counties, or within a quarter of a mile thereof, the jurisdiction is in either county, (Code, § 3720); the statute in the county of the forum not being identical in its definition of the offense and in its penalties imposed for the commission thereof with the statute obtaining in the county where the offense was committed.

APPEAL from the Circuit Court of Conecuh.
Tried before Hon. JOHN R. TYSON.

The facts of the case are sufficiently stated in the opinion.

GAMBLE & POWELL, for appellant.—The prohibitory laws in the counties of Conecuh and Butler being different in their provisions, the defendant who sold the liquor

in Butler county cannot be convicted in Conecuh county for the violation of the latter statute ; and the provisions of section 3720 of the Code do not authorize such conviction.—Code, § 3720 ; Acts 1886-87, pp. 665, 695, 700 ; Acts 1888-89, p. 512.

WILLIAM C. FITTS, Attorney-General, for the State.— This case falls directly under section 3720 of the Code. That section extends the jurisdiction of the courts of Conecuh and Butler counties each a quarter of a mile beyond the county line. The constitutionality of this statute was formerly assailed, but it has been upheld by the Supreme Court in *Hill v. State*, 43 Ala. 335 ; *Grogan v. State*, 44 Ala. 1. And the construction impressed upon the statute has been incorporated into our last constitution.—*Ex Parte Roundtree*, 51 Ala. 42. For the most recent discusssion of the Supreme Court upon this subject see the case. of *Jackson v. State*, 90 Ala. 590.

McCLELLAN, J.—The adjoining counties of Butler and Conecuh each have a statute prohibiting the sale &c. of intoxicants. The statutes are not the same in language or in substance. They differ both in the definition of the offense intended to be created and in the punishment to be inflicted therefor.—Acts 1886–87, pp. 665, 695, 700 ; Acts 1888–89, p. 512. The appellant, McKay, was indicted by the grand jury of Conecuh county for selling vinous, spirituous or malt liquors "without license and contrary to law," &c. Under this indictment he was tried and convicted in the circuit court as for a violation of a prohibitory statute, and not as for a sale without license under the general law, and from that judgment this appeal is prosecuted.

On the trial the evidence showed without conflict that the sale charged to have been made took place, if at all, in Butler county, but within a quarter of a mile of the boundary line between the counties of Butler and Conecuh. The court in its oral charge to the jury used the following language : "I charge you that at the time the offense charged in the indictment is alleged to have taken place, there was in existence in the county of Butler a local prohibition law at the place where the defendant is charged to have sold the whiskey, and if the defendant sold the whiskey in the county of Butler, and it was

within a quarter of a mile of the line between the counties of Conecuh and Butler, and you are convinced of these facts beyond a reasonable doubt from the evidence in the case, then you should find the defendant guilty." Exception was reserved by the defendant to this part of the oral charge.   Confessedly this instruction cannot be sustained unless it be under section 3720 of the Code, which provides: "When an offense is committed on the boundary of two or more counties, or within a quarter of a mile thereof, or when it is committed so near the boundary of two counties as to render it doubtful in which the offense was committed, the jurisdiction is in either county."   Speaking of this section in *Jackson v. State*, 90 Ala. 590, 594, we said : "Its manifest purpose is to avoid the difficulty of the definite location, with respect to county lines, of the scene of offenses.   Recognizing that it might be impossible to determine, in a given case, whether the act charged was committed on one side or the other of a line, the precise location of which was not known to the witnesses, though they might, and usually would, know the proximate location of the boundary, the legislature has sought to obviate the difficulty by giving adjoining counties concurrent jurisdiction over a strip of territory a half mile wide and extending a fourth of a mile each way from the boundary line.   To this extent, and no further, the county or district within which offenses must be tried has been enlarged by this statute beyond what are the lines of the particular territorial division for ordinary governmental purposes."   What is here reproduced was said with reference to a different question from that involved in the present case, and when applied to the matter now in hand may possibly tend in the abstract to mislead in some measure.   But the offense for which Jackson was tried was murder, an offense entirely common in all its elements and penalties, of course, to both counties, so that the above quotation when referred to the case to which it related, could not be construed to countenance the idea that a man might be prosecuted in one county for an offense committed in an adjoining county, but within one-fourth of a mile of the line, though the act done be not an offense against the law obtaining in the county of the forum.   That in reality is the proposition involved in the present case.   McKay was guilty of vio-

lating a penal statute which obtained only in Butler county, if guilty at all. He violated no law of force in Conecuh county where he was indicted, tried and convicted. Section 3720 does not, in our opinion, sustain such a conviction. While its effect is, generally speaking, to confer upon courts of either two or more adjoining counties jurisdiction to try offenses committed in the other within a quarter of a mile of the line, as was said in *Jackson's Case*, this is to be said in qualification : the offense must be not only in point of fact a violation of the law of the forum, assuming it to have been committed in the county of the forum, but the law of the forum must be identical in its definitions of the offense and its penalties therefor with the law obtaining in the county where the offense was committed. The difficulty of ascertaining the venue of an offense committed on or near the county line being the consideration moving the enactment of this statute, and its purpose being to obviate this difficulty in the proof of venue and not to authorize the punishment in one county of an offense committed in another further than necessary to meet this difficulty and conserve this purpose, it inevitably follows that its operation must be confined to offenses common to both counties in all their ingredients and penalties, otherwise a defendant might be convicted in Cenecuh county and fined and put to hard labor for an offense committed in Butler county for which the penalty is only a fine in that county, or he might be convicted of a felony in the former county for an act committed in the latter and only a misdemeanor where committed, or even he might be convicted of a crime, felony or misdemeanor, in the former county for an act there denounced as a crime, but which is not a crime at all in the latter county where the act was done. The statute was never intended to authorize or countenance such results, nor to make an act more or less criminal because committed within a quarter of a mile of a county line ; nor to mete out different punishments to acts there committed ; nor to make an act there committed a crime when it would not be if committed elsewhere in the county ; nor, in brief, to extend the local criminal laws of one county a quarter of a mile into another county. It does not make that act criminal, or more criminal, when and because tried in Conecuh which would not be criminal or

[Howell *et al.* v. The State.]

would be less criminal when tried in Butler or *vice versa*, simply because the scene of the act is within a quarter of a mile of the line ; and yet that would be its operation and effect if offenses against the local laws of either county committed in such proximity to the county line could be prosecuted in the other county. We conclude that the defendant could not be tried and convicted in Conecuh county for an act in violation of the prohibitory statute applicable to Butler county, differing in its terms from the prohibitory statute of force in Conecuh county, and that the judge of the circuit court erred in giving the charge quoted above.

Reversed and remanded.