# Taylor *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Jurisdiction of felonies; effect of pendency of preliminary proceedings.*—A felony being cognizable alone in the circuit court, and an indictment being necessary for the commencement of a prosecution therefor, the pendency of preliminary proceedings in a justice of the peace court to determine the probability of the guilt of a defendant charged with a felony committed within a quarter of a mile of the boundary line between two counties, does not affect the jurisdiction of the circuit court of the county adjacent to the one wherein the preliminary proceedings were instituted to prosecute him for the offense; said county being the one abutting the boundary line near which the offense was committed.

2. *Same; constitutional provision relative to trial by jury.*—The constitutional provision entitling an accused in a criminal

[Taylor v. The State.]

prosecution to a trial "by an impartial jury of the county or district in which the offense was committed," does not prohibit the Legislature from fixing the venue for trial in either of two counties where the offense is committed within a quarter of a mile of their dividing line.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. J. C. RICHARDSON.

The appellant in this case, George W. Taylor, was indicted by a grand jury of Conecuh county, for an assault with intent to murder, was tried and convicted in the circuit court of Conecuh county, and sentenced to the penitentiary for four and a half years.

On the trial of the cause the defendant filed a plea in abatement in which he averred that the offense charged in the indictment was committed in the county of Monroe, State of Alabama, within a quarter of a mile of the boundary lines of Conecuh and Monroe counties; that the said county of Monroe had jurisdiction of said offense and an affidavit was sworn out before a justice of the peace in Monroe county; that upon this affidavit a warrant was issued by said justice of the peace; that the sheriff of Monroe county executed said warrant by arresting the defendant, and upon the trial upon said affidavit and warrant the defendant was bound over by said justice of the peace to await the action of the grand jury; that his appeal bond was fixed and the defendant entered into a bond for his appearance at the next succeeding term of the circuit court of Monroe county to answer the indictment to be preferred by the grand jury of said county; that said affidavit, warrant, and mittimus issued by the justice of the peace for the appearance bond executed by the defendant, were for the same offense as the one alleged in the indictment in this case. It was then further averred in such plea in abatement that "when said county of Monroe proceeded against him [defendant] as above set forth, it was an election on the part of the State of Alabama to proceed against the defendant in Monroe county, Alabama; that the said county of Monroe took jurisdiction of the offense alleged in the indictment in this cause, and that said proceedings against this defendant as above set forth is now pending in this

[Taylor v. The State.]

county of Monroe, State of Alabama, and undetermined. Wherefore this defendant pleads and says that this court ough not to hear and determine the matters charged herein and that the indictment in this cause be quashed."

To this plea in abatement the State demurred upon the following grounds: "1. That said plea is no answer to the indictment in this case. 2. That said plea shows no reason in law for quashing said indictment." This demurrer was sustained, and thereupon the defendant pleaded not guilty, and upon issue joined on this plea, there were verdict and judgment of guilty.

C. E. HAMILTON and W. C. CRUMPTON, for appellant, cited *Troy F. Co. v. Prestwood*, 116 Ala. 119; *State v. Humphrey*, 125 Ala. 110; *Gay v. Brinsfield*, 92 Ala. 308; *Ex parte Baldwin*, 69 Iowa 502; 4 Am. & Eng. Ency. Law (1st ed.), 739.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—It is unnecessary here to decide whether criminal are like civil cases subject to the rule that the court first acquiring jurisdiction of a cause will retain it to the exclusion of other courts having concurrent jurisdiction. On that subject see *Moore v. The State*, 71 Ala. 307; *Humphries v. The State* 122 Ala. 110; Archibald's Cr. Prac. (8th ed.), 336. The jurisdiction of the Monroe county justice extended no further than to determine the probability of defendant's guilt with a view to discharging him or holding him by commitment or bail to await a future prosecution. The offense being a felony was cognizable alone in a circuit court, and under the constitution a prosecution therefor could have been commenced only by indictment. Those preliminary proceedings were not requisite to an indictment and could not of themselves have instituted a case in the circuit court, and the plea by disclosing them did not show the pendency of a prosecution in Monroe county which could have resulted in either a conviction or an acquittal. As bearing on the limited scope of such proceedings see *Ex*

*parte Crawlin,* 92 Ala. 102 and *State v. Vaughan,* 121 Ala. 41.

The act charged being an offense under law operating alike both in Conecuh and Monroe counties and occurring within a quarter of a mile of the boundary of those counties was within the district assigned by the statute to the criminal jurisdiction of the circuit courts of both of those counties. The prosecution was, therefore, not improperly in Conecuh county.—Code, § 4972; *Jackson v. State,* 90 Ala. 590; *McKay v. State,* 110 Ala. 19.

The constitutional provision entitling the accused in criminal prosecutions to a trial "by an impartial jury of the county or district in which the offense was committed" was contained in the constitution of 1868 and as there existing was construed in *Grogan v. State,* 44 Ala. 9, as not prohibiting the legislature to fix the venue for trial in either of two counties where an offense was within a quarter of a mile of their dividing line. In *Jackson's case, supra,* it was held that such construction should be presumed to have been acted on by the framers of the constitution of 1875 when they adopted the same clause in the latter instrument, and on that principle the statute, now section 4972 of the Code, was held valid. Thus a question which if original might have been doubtful, must be considered as settled.

There is no error in the record. Let the judgment be affirmed.