132 So.2d 271

William HABLE

v.

STATE.

3 Div. 80.

Court of Appeals of Alabama.

June 30, 1961.

Certiorari Denied Oct. 16, 1961.
See 82 S.Ct. 136.

No attorney marked for appellant.

MacDonald Gallion, Atty. Gen., for the State.

· William Hable, pro se.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for State.

HARWOOD, Presiding Judge.

This is an appeal from an order and judgment of the Hon. Eugene Carter, one of the judges of the Circuit Court of Montgomery County, denying the appellant's release in a habeas corpus proceeding, and returning him to the custody of the respondents, who are prison officials of the State of Alabama.

As we interpret the petition filed in the court below, the appellant seeks to assert that "in the totality of the facts" the appellant was not represented by counsel at the trial in which he was convicted of murder in the first degree, though in the course of his petition filed in the habeas corpus proceedings the appellant states: "Petitioner at the onset wishes to make it abundantly clear that he in no way criticizes the conduct of the two fine lawyers who represented him upon the trial."

In the proceedings below, the State filed its return, and certain documents attached as exhibits to the return. These exhibits show that this appellant was indicted in August 1957, by a Grand Jury of Geneva County for murder in the first degree; that on 18 October 1957, the appellant accompanied by counsel was arraigned and entered a plea of not guilty and a plea of not guilty by reason of insanity; on 25 November 1957, the date set for his trial, the appellant filed in the Circuit Court of Geneva County a document withdrawing his pleas of not guilty and not guilty by reason of insanity, made upon his arraignment. This document is signed both by the appellant and by his two attorneys who represented him in the murder prosecution.

The judgment of the Circuit Court of Geneva County introduced in evidence, recites that with leave of the court this appellant withdrew his plea of not guilty and not guilty by reason of insanity and entered a plea of guilty to the offense of murder in the first degree as charged in the indictment. Thereafter the jury returned a verdict of guilty of murder in the first degree, fixed the appellant's punishment at life imprisonment in the penitentiary, and the judgment of guilty was entered by the court pursuant to such verdict, and punishment was fixed by the court at life imprisonment in the penitentiary as fixed by the jury.

In his petition in the habeas corpus proceedings, the appellant alleges that following his arrest he was not taken forthwith before a magistrate, was not informed of the charges against him, was not advised of his right to obtain counsel of his own choosing, and that his request to retain counsel immediately was refused him, and that he was submitted to extensive interrogation, and was transferred from one jail to another under the guise of safekeeping, and was coerced into making an involuntary confession, all of which, "under the totality of facts" deprived him of effective representation by counsel at his trial.

The writ of habeas corpus cannot be used to replace a writ of error, or an appeal. Nor can the writ be used to correct errors in a judgment if the jurisdiction of the court rendering the judgment is without question. The writ is against void but not irregular or voidable judgments. Howard v. City of Bessemer, 40 Ala.App. 317, 114 So.2d 158.

In habeas corpus proceedings it is not allowable to impeach the court's jurisdiction by parol testimony. Such matters of invalidity must appear on the face of the proceedings. Griffin v. State, 258 Ala. 557, 63 So.2d 682.

■ From the record before us, it is clear that the Circuit Court of Geneva County had jurisdiction of the subject matter and the accused, and that the judgment rendered was on its face in all respects regular. The petitioner's relief sought in the Circuit Court of Montgomery County in the habeas corpus proceedings was therefore due to be denied and was properly so denied.

Affirmed.