268 So.2d 502

**Shirley GREER**

v.

**STATE.**

**1 Div. 337.**

Court of Criminal Appeals of Alabama.

Oct. 24, 1972.

James E. Atchison, and J. Calvin Clay, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

ALMON, Judge.

This is an appeal from a judgment of the Circuit Court of Mobile County in a habeas corpus proceeding denying appellant's release from jail.

The undisputed evidence at the hearing showed that appellant was serving a sentence imposed by Judge Wilson, Recorder of the City of Mobile, after having been found guilty of the offense of making obscene telephone calls. This was not challenged by the appellant in the circuit court or on appeal. Instead, she argues that her conviction in the city court was unlawful because of the insufficiency of the evidence and because evidence gained as a result of an illegal search and seizure was admitted against her. There is no mention in the record of an appeal from

---

that judgment of conviction. It is inferable from the record that the time for appeal had expired when the petition for a writ of habeas corpus was filed in the circuit court.

 Habeas corpus does not serve the office of appeal. Nor can the writ be used to correct errors in a judgment if the jurisdiction of the court rendering the judgment is without question. Hable v. State, 41 Ala.App. 398, 132 So.2d 271; Thomas v. State, 40 Ala.App. 697, 122 So.2d 535; McIntyre v. State, 41 Ala.App. 486, 139 So.2d 618; Edwards v. State, 274 Ala. 561, 150 So.2d 709.

Accordingly, the judgment of the circuit court discharging the writ is due to be and is

Affirmed.

All the Judges concur.