Joseph **SIEGEL**, Plaintiff-Appellant,

v.

Edwin **EDWARDS**, Governor, et al., Defendants-Appellees.

No. 77–2662
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 27, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Joseph Siegel, pro se.

J. Marvin Montgomery, Baton Rouge, La., for defendants-appellees.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Joseph Siegel appeals from the entry of summary judgment against his claim for damages resulting from the alleged deprivation of his civil rights.

In 1973, the East Baton Rouge Parish Sheriff's Office filed criminal charges of murder, armed robbery, and burglary against appellant. These charges arose out of the robbery and murder of one H. Alva Brumfield. Subsequent to the filing of criminal charges the Tarrant County Sheriff's Office in Texas arrested appellant and held him in detention pending extradition proceedings being filed by Louisiana authorities.

Extradition proceedings were commenced in July of 1973. Plaintiff fought extradition until February 8, 1974, when he waived extradition on 12 counts of burglary charges pending against him and voluntarily returned to the State of Louisiana to stand trial on criminal charges. When appellant returned to Louisiana he stood trial on all charges pending against him including the murder and robbery charges.

In his pro se civil rights complaint before the district court, appellant contended that he was deprived of his federal constitutional rights because the Louisiana extradition papers were not signed by the governor and another state official, but rubber stamped. He also claimed that since he waived extradition, only as to the burglary charges, the state could not try him for the other charges on which the state was attempting to extradite him. The district court granted appellees' motion for summary judgment. After reviewing the record and applicable law, we agree. Resolving all inferences in favor of the nonmoving party, we find that no genuine issues as to material facts existed and that appellees were entitled to summary judgment as a matter of law. Federal Rules of Civil Procedure, Rule 56.

Appellant first contends that the extradition papers are illegal because they were rubber stamped with the signatures of state officials, instead of being personally signed. Although the extradition papers of which appellant complains were never executed, appellant's return to Louisiana was not the result of those extradition papers.

Appellant was returned to Louisiana because of his voluntary waiver of extradition. Once a fugitive has been brought within custody of the demanding state, legality of extradition is no longer proper subject of any legal attack by him. *Johnson v. Buie*, D.C.W.D.Mo., 312 F.Supp. 1349 (1970).

Appellant next contends that he could not be charged with murder or armed robbery because he fought extradition on those charges. He argues that since he voluntarily waived extradition on the burglary charges, he was exempt from trial on other offenses. This contention is meritless. Rights granted under federal provisions for extradition are granted to the state rather than to fugitives who might be the subject of extradition. Such fugitives, when returned to the demanding state, are not exempt for trial for any criminal act committed in that state. See *Johnson, supra. Pierson v. Grant*, 8 Cir. 1975, 527 F.2d 161; *Hines v. Guthrey*, D.C.W.D.Va., 342 F.Supp. 594 (1972).

The judgment of the district court is affirmed.