LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a dismissal of a petition for writ of habeas corpus in which petitioner-appellant alleged (1) that he was serving a sentence in Draper Correctional Center for sodomy imposed by the Circuit Court of Montgomery County, (2) the trial judge denied him “the right of assistance of counsel” and “denied him the right to talk to his hired Attorney concerning his guilty plea,” (3) “he did not [enter a]? voluntary *525 plea of guilty” and did not “enter trial Judge’s chambers to plea[d] guilty,” (4) the trial judge “altered Petitioner’s form of waiver by defacing it” and (5) that the trial judge “failed to inform Petitioner of the minimum and maximum range of punishment ... before or after trial proceedings.”
The petition was dismissed on motion of the State. There was no evidentiary hearing.
Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appellant’s court-appointed counsel has filed a brief in which he states:
“After having reviewed the record on appeal, and the applicable law, I cannot in good faith request reversal in this case. The matter raised by the petition relates solely to matters which occurred at or prior to the trial, and rulings made by the Trial Judge, all of which would have properly been matters for consideration on direct appeal from the case, or possibly by Petition for Writ of Error Coram No-bis, but they are not matters for appropriate review by Habeas Corpus. I cannot argue that the Elmore County Circuit Court Judge erred by summarily dismissing the petition because the allegations therein, even if taken in the light most favorable to the Appellant, would not have justified review by Habeas Corpus.”
Appellant-petitioner has misconceived the cardinal function and has endeavored to extend the otherwise comprehensive ambit of the writ of habeas corpus as covered by Tit. 15, Chapter 21 of Code of Alabama 1975. Numerous cases are to the effect that the remedy is not available for the purpose of correcting errors or irregularities in the judgment of courts if and when jurisdiction of the court to render the judgment is without question. State v. Baker, 268 Ala. 410, 108 So.2d 361 (1959); Edwards v. State, 274 Ala. 561, 150 So.2d 709 (1963); Hable v. State, 41 Ala.App. 398, 132 So.2d 271 (1961), cert. denied, 368 U.S. 883, 82 S.Ct. 136, 7 L.Ed.2d 83 (1961); Greer v. State, 49 Ala.App. 36, 268 So.2d 502 (1972). Closely related to the instant case is that of Allen v. State, 41 Ala.App. 336, 132 So.2d 327 (1961), cert. denied, 368 U.S. 1001, 82 S.Ct. 631, 7 L.Ed.2d 539 (1962), in which it is stated:
“Allen, twice convicted of second degree burglary in the Pickens Circuit Court and now in Kilby Prison, sought habeas corpus in the Montgomery Circuit Court. His petition contends that in the Pickens Circuit Court (1) the trial judge refused him the assistance of counsel and (2) the State ‘induced and employed coerced and false testimony to secure [his] tainted conviction.’

“If true, these questions are not amenable to post conviction review by way of habeas corpus. Code 1940, T. 15, §§ 27 and 28. From Bricken, P.J., in Mackreth v. Wilson, 31 Ala.App. 191, 15 So.2d 112, 113, we quote:
“‘It being conceded that the prisoner was incarcerated in the penitentiary under sentence imposed by the Clark County Circuit Court, and it further appearing that the record in his case is in all respects regular, the only matter that could be inquired into on habeas corpus in the court below was the jurisdiction of the Clark Circuit Court to render the judgment and impose the sentence that was imposed. Mere errors or irregularities in the proceedings in the Clark County Circuit Court are not available. If they existed they cannot be inquired into collaterally. * * ’ ”
The judgment appealed from should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.