LEIGH M. CLARK, Retired Circuit Judge.
This appellant filed with the Clerk of the Circuit Court of Escambia County a pro se petition for habeas corpus in which he alleged that he was “in prison at Holman Penitentiary in Escambia County ... serving a life sentence in Holman as a result of his conviction in Montgomery County, Alabama for Robbery II,” that the State invoked the Habitual Felony Offenders Act by reason of three prior felony convictions, cases No. 9885 and 9871-9872, in which this appellant had pleaded guilty at arraignment “without an attorney present at the time of plea May 24, 1974. ... the way the habitual offender status was applied is unconstitutional.” It is further averred in the petition as follows:
“Petitioner states he was with ineffective assistance of counsel. The lawyer refused to do anything but plea the case. He told petitioner to plea guilty to life or you will get life without parole if you don’t plea guilty. So I was force to plea guilty, for like I stated to the judge T am pleading guilty because I have no choice’ and he didn’t check into my prior convictions.”
In the motion of respondent in the trial court to dismiss the habeas corpus petition, there are nine separate grounds. In ground two is the allegation:
“For that it affirmatively appears from the petition that petitioner entered a plea of guilty thereby admitting all facts charged, and a plea of guilty is more than a voluntary confession made in open court, since it serves as a stipulation that no proof by the prosecution need be advanced except that witnesses be examined to determine the character of the offense and it supplies both evidence and verdict ending the controversy.”
Such ground, as well as some of the other grounds of the motion to dismiss, lacks desirable clarity, which to some extent is accountable for by reason of the vagueness and lack of clarity in the petition. In our opinion, in construing the petition in its most favorable light to petitioner, it barely, but possibly, sets forth facts that if proven to be true would constitute a valid ground for some form of post-conviction relief, but not for relief via habeas corpus. To any suggestion that the petition could have been amended so as to provide a basis for relief different from habeas corpus relief, the answer is that the facts averred show that the action for such other relief would not have been judicially cognizable by the trial court in the case now under consideration but only by the Circuit Court of Montgomery County, which rendered the judgment from which petitioner-appellant seeks to obtain relief.
The trial court in the instant case was correct in dismissing the petition for habeas corpus, by which appellant sought to obtain relief from a judgment of the Montgomery County Circuit Court, which unquestionably had jurisdiction of the parties and subject matter of the judgment. A writ of habeas corpus does not furnish a remedy for correcting errors or irregularities in the judgment of a court if and when jurisdiction of the court to render the judg *1051 ment is without question. Woodard v. State, Ala.Cr.App., 426 So.2d 524, 525 (1983), and numerous cases cited therein.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.