PATTERSON, Judge.
Appellant George Wayne Williams appeals the circuit court’s summary denial of his pro se petition for writ of error coram nobis. This petition attacks the validity of appellant’s 1981 conviction of robbery in the second degree, for which he was sentenced as a habitual offender to life imprisonment. Appellant was sentenced as a habitual offender due to three prior convictions in Montgomery County in 1974. It is argued that appellant was not represented by counsel in cases numbered 9871 and 9872 and therefore that these prior convictions cannot be used to enhance his sentence.
This is appellant’s fourth petition for writ of error coram nobis wherein he contests his sentence under the Alabama Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975. On July 17, 1984, this court denied appellant’s pro se petition for habeas corpus wherein appellant contested, among other things, the absence of an attorney at his prior appearances before the Montgomery Circuit Court, where he pleaded guilty to the crimes charged. Williams v. State, 454 So.2d 1049 (Ala.Crim. App.1984). In denying this habeas corpus petition, we stated:
“In our opinion, in construing the petition in its most favorable light to petitioner, it barely, but possibly, sets forth facts that if proven to be true would constitute a valid ground for some form of post-conviction relief, but not for relief via habeas corpus.”
Id. In the appellant’s prior case he contested the use of three previous convictions; those being cases 9885, 9871 and 9872. In a letter dated April 23, 1984, Benjamin E. Pool, appellant’s attorney for *2 those cases, informed appellant that case 9885 was disposed of by a jury trial on March 7, 1974, resulting in a conviction and imposition of a nine-year sentence. Appellant cannot seriously contend he was not represented by counsel in case 9885. Attorney Pool’s letter further indicates that he could not remember “what transpired on May 24, 1974,” the date on which cases 9871 and 9872 were disposed of. The record does not disclose what evidence the trial court used in determining the appellant’s prior convictions, for use in enhancing his sentence as a habitual offender.
“It is .... well settled that the lack of counsel at the time of taking a plea of guilty may .... be raised by appropriate petition for writ of error coram nobis in Alabama.” Mayola v. State, 337 So.2d 105, 106 (Ala.Crim.App.1976). “A prior conviction cannot be used to support guilt or enhance punishment unless the accused was represented by counsel or properly waived counsel in the prior proceedings.” Phillips v. State, 462 So.2d 981 (Ala.Crim. App.1984) (citations omitted).
The petition contains matters and allegations which, if proven, entitle appellant to relief. Summers v. State, 366 So.2d 336 (Ala.Crim.App.1978), cert. denied, 366 So.2d 346 (Ala.1979). The petition is meritorious on its face and appellant should have been afforded a hearing on the merits. Populus v. State, 51 Ala.App. 166, 283 So.2d 617 (1973). The burden of proof will be on the appellant “to sustain the facts averred in his petition by evidence at the hearing of the petition.” Bennett v. State, 432 So.2d 27, 28 (Ala.Crim.App.1983).
Therefore, the trial court’s judgment dismissing appellant’s petition is hereby set aside and vacated, and this cause is remanded with directions that an evidentiary hearing be held at which the appellant is present and represented by counsel.
REMANDED WITH DIRECTIONS.
All Judges concur.