PATTERSON, Judge.
Appellant, Chris White, a fourteen-year-old juvenile, was charged by delinquency petition in the Juvenile Court of St. Clair County, with the capital murder of Missy Macon. A motion was filed by the State seeking to transfer appellant to the circuit court for prosecution as an adult. After a hearing conducted in accordance with § 12-15-34, Code of Alabama 1975, the court entered an order certifying appellant to be transferred to the circuit court for trial as an adult.
I
Appellant first contends that the trial court considered only two factors enumerated in § 12-15-34(d) in reaching its decision, rather than all six factors as required by the statute. A reading of the court’s order effectively refutes this contention. The court clearly took into consideration all six factors, which include the interests of appellant as well as those of the community. It is true, as appellant points out, that he had no record of any prior delinquent or criminal acts; however, *18 the court was of the opinion that the seriousness of the offense and the best interests of the community outweighed the fact that he had no prior contact with juvenile authorities. The court also found that there were “no alternatives available under the Juvenile Justice System for the State of Alabama to deal with the child due to the seriousness of the alleged offense.” The decision to transfer this case to the circuit court is supported by the record, which clearly shows that the interests of appellant, as well as those of the community, were considered in making this determination. As stated in Palmer v. State, 485 So.2d 1247, 1248 (Ala.Cr.App.1986), quoting 43 C.J.S. Infants § 46:
“It is not necessary that all the factors be resolved against the juvenile in order to justify the waiver of juvenile court jurisdiction, nor is it necessary that the court make an arithmetic calculation as to the weight to be assigned to each factor, but all factors must be considered. The court is not bound by the recommendations of public agencies.”
The court’s order transferring appellant to the circuit court for prosecution as an adult is not clearly erroneous and, thus, its decision will not be reversed on appeal. Bragg v. State, 416 So.2d 715 (Ala.1982); Duncan v. State, 394 So.2d 930 (Ala.1981).
II
Appellant was returned to the State of Alabama from the State of Florida. The record is silent as to the process by which appellant was obtained from the Florida authorities. It is now argued that the court lacked jurisdiction to hear this cause because the State failed to comply with extradition procedures, and no waiver of extradition was obtained from appellant or his parents. Due to the incomplete state of the record, we are unable to determine by what process appellant was returned to this state; however, this information is not necessary to the resolution of the issue presented.
It has been held that once a fugitive is within the custody of the charging state, the legality of the extradition is no longer subject to legal attack. Siegel v. Edwards, 566 F.2d 958 (5th Cir.1978). In 35 C.J.S. Extradition § 22, (1960), it is stated:
“It is not, according to the generally accepted view ... a cause for exemption from prosecution for a crime that accused was illegally arrested in another state and unlawfully brought within the jurisdiction of the state against which he offended, although the contrary has been held; nor is he protected from prosecution even if he was kidnapped in the other state and brought into the state without a semblance of right. It follows, therefore, that he is within the jurisdiction of the. court even though he was illegally arrested or surrendered on invalid extradition proceedings, as where the requisition proceedings were not strictly legal.”
Early Alabama authority has followed this “generally accepted view.” See Ex parte Barker, 87 Ala. 4, 6 So. 7 (1889). We are in agreement with the above cited authorities and hold that appellant may not now claim that the State failed to follow the extradition statutes in an attempt to defeat jurisdiction in the Alabama courts.
We have reviewed the remaining issues raised by appellant, and, finding no error which prejudiced the rights of appellant, choose not to address them further in this opinion. We find them to be completely without merit.
We have reviewed the entire record and conclude that there is a sufficient showing of probable cause to authorize the transfer of appellant to circuit court for trial as an adult. This cause is therefore due to be affirmed.
AFFIRMED.
All Judges concur.