TAYLOR, Judge.
The appellant, Calvin Brooks, appeals from the Houston Circuit Court’s summary denial of his petition for writ of habeas corpus. In his petition, the appellant sought relief from the- revocation of his parole by the Alabama Board of Pardons and Paroles.
The. circuit court correctly denied the appellant’s petition for writ of habeas corpus. A habeas corpus petition cannot be used as a substitute for an appeal. Daniel v. Thigpen, 742 F.Supp. 1535 (M.D.Ala.1990); Greer v. State, 49 Ala. App. 36, 268 So.2d 502 (1972).
A writ of habeas corpus is not the appropriate remedy for the appellant here. As Judge Patterson stated in Sellers v. State, 586 So.2d 994 (Ala.Cr.App.1991):
“Generally, habeas corpus is inappropriate as a remedy to review the actions of an administrative board or commission, such as the Board [of Pardons and Paroles]. The appropriate remedy is an appeal pursuant to the Alabama Administrative Procedure Act, § 41-22-1 et seq., Code of Alabama 1975 (hereinafter ‘the Act’), if the administrative agency from which the appeal is taken comes within the purview of that Act. However, if the agency is exempted from the judicial review provisions of the Act and there is no other provision for statutory review, review is by petition for writ of certiorari. See Ellard v. State, 474 So.2d 743 (Ala. Cr.App.1984), aff’d, 474 So.2d 758 (Ala. 1985) (in the absence of a right to appeal or other adequate remedy, the writ of certiorari lies to review the rulings of an administrative board or commission). See also Ex parte Baldwin County Comm’n, 526 So.2d 564 (Ala.1988) (an extraordinary writ will not lie if there is a right of appeal).
“The actions of the Board in granting or denying paroles cannot be reviewed under the Act’s provisions for judicial review because the Act exempts the Board from review. Section 41-22-3(3). No other right of review from the actions of the Board has been provided by statute. Thus, there being no statutory right to appeal or other adequate remedy at law for reviewing the actions of the Board in reference to the granting, denying, or revocation of paroles, certiorari is the appropriate remedy for review of such actions.”
Sellers, 586 So.2d at 994-95.
The circuit court’s denial of the appellant’s petition for writ of habeas corpus is due to be affirmed.
AFFIRMED.
All the Judges concur.