823 So.2d 1288 (2001)
R.L.A.C.
v.
STATE.
CR-00-1207.
Court of Criminal Appeals of Alabama.
December 21, 2001.
*1289 Lesa C. Greene, Athens, for appellant.
Bill Pryor, atty. gen., and Yvonne A.H. Saxon, asst. atty. gen., for appellee.
McMILLAN, Presiding Judge.
The appellant, R.L.A.C., appeals from the juvenile court's order adjudicating him delinquent on four separate petitions charging him with the unauthorized use of a vehicle, a violation of § 13A-8-11, Ala. Code 1975; of being a child in need of supervision (CHINS), classifying the appellant as a runaway, a violation of § 12-15-1(4)(c), Ala.Code 1975; of first-degree arson, a violation of § 13A-7-41, Ala.Code 1975; and of attempted murder, a violation of § 13A-6-2 and § 13A-4-2, Ala.Code 1975. For the offense of the unauthorized use of a vehicle, the appellant was found delinquent and was committed to the Department of Youth Services (hereinafter "DYS"). For the charge of being a runaway, the appellant was determined to be a CHINS and was committed to DYS. For the charges of first-degree arson and attempted murder, the juvenile court found the appellant to be a serious juvenile offender and committed him to DYS for not less than one year.

I.
The appellant was extradited from Tennessee, and he argues that his extradition *1290 was improper because the State of Alabama failed to adhere to the specific extradition procedures required by either § 15-9-60, Ala.Code 1975, which addresses the extradition of adult persons to Alabama, or by § 44-2-1, Ala.Code 1975, the Interstate Compact on Juveniles.
The record indicates that the City of Athens Police Department obtained a juvenile pickup order, after receiving a telephone call from the appellant's sister, who was also a juvenile and who was in Tennessee with the appellant, stating that they wanted to return to Alabama. The law-enforcement officials from the Athens Police Department informed the Tennessee officials that the juveniles would be coming to their facility and requested that the juveniles be allowed to sit in the lobby until they could pick them up. Although the record is devoid of any evidence indicating that the State of Alabama followed specific procedures for extraditing the appellant, there is no indication from the record that the appellant was ever in the custody of the State of Tennessee; hence, § 44-2-1 is not applicable to the facts of this case. Moreover, because the appellant failed to challenge his extradition from Tennessee until he was in Alabama, the issue of extradition is moot, based on the authority of White v. State, 513 So.2d 17 (Ala.Crim.App.1986).
In White, this Court stated the following:
"It has been held that once a fugitive is within the custody of the charging state, the legality of the extradition is no longer subject to legal attack. Siegel v. Edwards, 566 F.2d 958 (5th Cir.1978). In 35 C.J.S. Extradition, § 22 (1960), it is stated:
"`It is not, according to the generally accepted view ... a cause for exemption from prosecution for a crime that accused was illegally arrested in another state and unlawfully brought within the jurisdiction of the state against which he offended, although the contrary has been held; nor is he protected from prosecution even if he was kidnapped in the other state and brought into the state without a semblance of right. It follows, therefore, that he is within the jurisdiction of the court even though he was illegally arrested or surrendered on invalid extradition proceedings, as where the requisite proceedings were not strictly legal.'
"Early Alabama authority has followed this `generally accepted view.' See Ex parte Barker, 87 Ala. 4, 6 So. 7 (1889). We are in agreement with the above cited authorities and hold that appellant may not now claim that the State failed to follow the extradition statutes in an attempt to defeat jurisdiction in the Alabama courts."
513 So.2d at 18.
Thus, there is no merit to the appellant's claim.

II.
The appellant argues that the trial court erred in denying his motion to suppress his confession because, he says, the State of Alabama violated fundamental-fairness requirements in obtaining his confession. In support of his argument, he contends that because his extradition was improper, his confession should have been suppressed. Additionally, he argues that because his father was not contacted and told to come to the police station before he gave his statement, the statement was involuntary.
An examination of the record reveals that evidence was presented during the suppression hearing indicating that the appellant voluntarily requested to return *1291 to the State of Alabama. Evidence was also presented indicating that the officers who went to Tennessee to pick up the appellant and his sister had a two-fold purpose: to ensure the safety of the juveniles and also to investigate the case. Further evidence was presented that they were not the only suspects in the offenses. Although the appellant was not arrested in Tennessee, he was advised of his juvenile Miranda[1] rights and executed a waiver-of-rights form before returning to Alabama. The appellant did not make a statement at that time. Upon arriving at the Athens Police Department, approximately two hours later, the appellant was again advised of his juvenile rights, signed a second waiver-of-rights form, and then gave a statement. Evidence was presented indicating that the appellant was twice informed that he had a right to contact his father before giving any statement. The appellant, however, did not exercise that right.
As stated earlier, there is no evidence in the record indicating that the appellant was ever in custody in the State of Tennessee. There was evidence presented indicating that the appellant could have left the sheriffs department in Tennessee at any time and that he was not forced to return to Alabama.
Assuming, for the sake of argument, that the extradition had been improper because the appellant voluntarily accompanied law-enforcement officials back to Alabama and because he did not make a statement until two to three hours after returning to Alabama, after having been twice advised of his juvenile Miranda warnings, the court was correct in finding that his statement was voluntarily made. Cf. Crawford v. State, 479 So.2d 1349, 1353-54 (Ala.Crim.App.1985) (the appellant's voluntary act of returning to Alabama with the officer, without a requisition warrant, was an intervening event that would have broken the causal connection between the alleged illegal arrest and the confession).
The appellant's argument that his statement should be suppressed because his father was not present at the time it was made is also without merit. "`"In Alabama, there is no requirement that the juvenile's parents be notified before or be present when the juvenile waives his constitutional rights."'" L.L.J. v. State, 746 So.2d 1052, 1057 (Ala.Crim.App.1999), quoting O.M. v. State, 595 So.2d 514, 525 (Ala.Crim.App.1991).

III.
The appellant argues that the trial court erred in failing to grant his motion to dismiss the unauthorized-use-of-a-vehicle charge.
Section 13A-8-11, Ala.Code 1975, provides, in pertinent part:
"(a) A person commits the crime of unauthorized use of a vehicle if:
"(1) Knowing that he does not have the consent of the owner, he takes, operates, exercises control over or otherwise uses a propelled vehicle...."
However, the record in this case indicates that the appellant's grandmother testified that she owned the vehicle and allowed her son, the appellant's father, to keep it at his residence. She further testified that the appellant and his sister were free to use the vehicle whenever they so desired. The appellant's father testified to the same set of facts and circumstances. Because the record indicates that the appellant and his sister had "full" use of the vehicle through the consent of the owner, his grandmother, and the possessor, his *1292 father, the juvenile court should have dismissed the charge.
The juvenile court's adjudication of delinquency for attempted murder and first-degree arson, in addition to its adjudication of the appellant as a CHINS juvenile, is affirmed. The juvenile court's adjudication of delinquency for the unauthorized use of a vehicle is reversed, and this cause remanded to the trial court for dismissal of the charge.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).