[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 750 
The petitioner, Zephyriuns Egbuonu, appeals the denial of his petition for a writ of habeas corpus. In March 2003, the petitioner was arrested in California and charged with first-degree identity theft of the identity of an Alabama resident. § 13A-8-192, Ala. Code 1975. The charges stemmed from items sent to a post office box in California addressed to "James Roberson"[1] — a captain in the Jefferson County Sheriff's Department. Apparently, the post office box was traced to Egbuonu.[2] Egbuonu waived any challenge to extradition, and he was returned to Alabama in October 2003. Bail was set at $100,000. In July 2004, Egbuonu filed a petition for a writ of habeas corpus in Jefferson County — the county where he is incarcerated. Egbuonu alleged that he is being illegally detained in the Jefferson county jail because, he argues, the statute that determines venue for the crime of identity theft, § 13A-8-196, Ala. Code 1975, is unconstitutional. Specifically, he argued that § 13A-8-196 conflicts with Art. I, § 6, Ala. Const. of 1901. Egbuonu also moved to reduce his $100,000 bail. Judge Alfred Bahakel held a hearing and denied the petition and the motion to reduce bail. This appeal followed.
Because this case concerns the matter of pretrial bail, on August 26, 2004, we issued an order informing the parties that we would expedite this case pursuant to Rule 9(a), Ala.R.App.P.,[3] and treat it as an original petition for a writ of habeas corpus. See Colbert v. State, 717 So.2d 868
(Ala.Crim.App. 1998), and Rule 21(c), Ala.R.App.P. Egbuonu's trial is scheduled for January 10, 2005.
Egbuonu argues that § 13A-8-196, Ala. Code 1975, which provides that venue for the offense of identity theft is proper in a county other than where the offense occurred is unconstitutional because, he argues, it conflicts with Art. I, § 6, Ala. Const. of 1901. The State asserts that we should not address this issue in this habeas corpus petition; it argues that the only issue that is appropriately before this *Page 751 
Court is the petitioner's claim that his bail is excessive.
The circuit court held a hearing on Egbuonu's petition and then made the following entry on the case action summary sheet: "Motion for Petition for habeas corpus regarding alleged improper venue heard and denied."
Alabama's habeas corpus statute, § 15-21-1, Ala. Code 1975, provides:
 "Any person who is imprisoned or restrained of his liberty in the State of Alabama on any criminal charge or accusation or under any other pretense whatever, except persons committed or detained by virtue of process issued by a court of the United States or by a judge thereof in cases of which such courts have exclusive jurisdiction under the laws of the United States or have acquired exclusive jurisdiction by the commencement of actions in such courts, may prosecute a writ of habeas corpus according to the provisions of this chapter to inquire into the cause of such imprisonment or restraint."
(Emphasis added.)
The Alabama Supreme Court has stated the following concerning a petition for a writ of habeas corpus:
 "Where one is in custody which is predicated upon an assumed and exercised judicial jurisdiction of matter or person that it is asserted did not legally exist, habeas corpus is the remedy to institute an investigation of the existence of such jurisdiction; an inquiry very different from one involving the merely erroneous or irregular exercise of existent jurisdiction. Code 1896, § 4838; Ex parte Sam, 51 Ala. 34 [(1824)], City of Selma v. Till, 42 South. 405 [(Ala. 1906)]; Church on Habeas Corpus, §§ 356, 352. That this remedy, under the conditions defined, is appropriate, has, on several occasions, served to invite, without question, the decision of this court. We therefore take up for review the constitutionality of the act approved August 2, 1907. Acts 1907, pp. 518-519."
Fourment v. State, 155 Ala. 109, 112-13, 46 So. 266, 267
(1908). In Howard v. Bessemer, 40 Ala.App. 317, 114 So.2d 158
(1959), the Alabama Court of Appeals stated:
 "In Barton v. City of Bessemer, 234 Ala. 20, 173 So. 626, 627 [(1937)], it was held that the constitutionality of an ordinance under which the petitioner had been convicted may be determined in a habeas corpus proceedings, for if the ordinance be unconstitutional, then, `the court would have no jurisdiction, and the arrest, trial, and conviction of the defendant under a void ordinance would be a nullity, and the petitioner would be entitled to his discharge on habeas corpus.'"
40 Ala.App. at 321, 114 So.2d at 162. "The writ is against void but not irregular or voidable judgments." Hable v. State,41 Ala.App. 398, 399, 132 So.2d 271, 272 (1961). See also Greer v.State, 49 Ala.App. 36, 268 So.2d 502 (1972); Parham v. State,285 Ala. 334, 231 So.2d 899 (1970); Nations v. State,41 Ala.App. 581, 141 So.2d 537 (1962); State v. Baker,268 Ala. 410, 108 So.2d 361 (1959). Because Egbuonu's arguments, if meritorious, would render the charges against him void, we will consider those claims in this habeas corpus petition.
Art. I, § 6, Ala. Const. of 1901, states, in pertinent part:
 "That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either; to demand the nature and cause of the accusation; and to have a copy thereof; to be confronted by the witnesses against him; to have compulsory process for obtaining *Page 752 
witnesses in his favor; to testify in all cases, in his own behalf, if he elects so to do; and, in all prosecutions by indictment, a speedy, public trial, by an impartial jury of the county or district in which the offense was committed. . . ."
(Emphasis added.) This provision was contained in Alabama's first constitution. See Art. I, § 10, Ala. Const. 1819.
Section 13A-8-196, Ala. Code 1975, the special venue statute related to identity theft, enacted by the Legislature in 2001, states:
 "In any criminal proceeding brought pursuant to this article, the crime shall be considered to be committed in any county in which any part of the crime took place, regardless of whether the defendant was ever actually present in that county, or in the county of residence of the person who is the subject of the identification documents or identifying information."
(Emphasis added.)
In 1902, the Alabama Supreme Court first recognized that the Legislature must have some discretion to expound on the constitutional provision related to venue. See Taylor v. State,131 Ala. 36, 31 So. 371 (1902). In Taylor v. State, the Supreme Court upheld a special venue statute, now codified at § 15-2-7, Ala. Code 1975, which provided that venue was proper in one of two counties when the criminal offense was committed within a quarter of a mile of a county boundary line. The Taylor court stated:
 "The constitutional provision entitling the accused in criminal prosecutions to a trial `by an impartial jury of the county or district in which the offense was committed' was contained in the constitution of 1868, and, as there existing was construed in Grogan v. State, 44 Ala. 9 [(1870)], as not prohibiting the legislature to fix the venue for trial in either of two counties where an offense was within a quarter of a mile of their dividing line. In Jackson's Case, [90 Ala. 590, 8 So. 862 (1891)], it was held that such construction should be presumed to have been acted on by the framers of the constitution of 1875 when they adopted the same clause in the latter instrument, and on that principle the statute now section 4972 of the Code was held valid. Thus a question which if original might have been doubtful, must be considered as settled."
131 Ala. at 39, 31 So. at 371.
Our Legislature enacted special venue statutes in 1852. Section 15-2-2, Ala. Code 1975, which was originally codified at § 393, Code of Alabama 1852, provides: "Unless otherwise provided by law, the venue of all public offenses is in the county in which the offense was committed." Numerous other special venue statutes were also enacted in 1852. Those statutes, as carried forward to the Alabama Code 1975, are: § 15-2-3, Ala. Code 1975, entitled, "Venue — Offense commenced in state and consummated elsewhere"; §15-2-4, Ala. Code 1975, entitled, "Venue — Offense commenced outside state and consummated within state"; § 15-2-5, Ala. Code 1975, entitled, "Venue — Stolen property brought into state"; §15-2-6, Ala. Code 1975, entitled, "Venue — Offense committed in more than one county"; § 15-2-7, Ala. Code 1975, entitled, "Venue — Offense committed on or near county boundary"; § 15-2-8, Ala. Code 1975, entitled "Venue — Forcible marriage, prostitution, detaining child, kidnapping, etc."; and § 15-2-9, Ala. Code 1975, entitled "Venue — Carrying stolen property into another county."
When the Legislature enacted these venue statutes, Art. I, § 10, Constitution of 1819, provided, in part: "In all criminal prosecutions, the accused has a right to be *Page 753 
heard by himself . . .; . . . and, in all prosecutions, by indictment or information, a speedy public trial by an impartial jury of the county or district in which the offense shall have been committed. . . ." Clearly, the Legislature had knowledge of this constitutional provision at the time it enacted the special venue statutes.
Moreover, we believe that the Legislature had defined the crime of identity theft as a continuing offense. See § 13A-8-196, Ala. Code 1975. "By utilizing the doctrine of a continuing offense, Congress may . . . provide that the locality of a crime shall extend over the whole area through which force propelled by an offender operates." United States v. Johnson, 323 U.S. 273,275, 65 S.Ct. 249, 89 L.Ed. 236 (1944). "The legislature has the authority, within the confines of the constitution, to enact special venue statutes and has done so when special needs relating to venue have arisen." State v. Krejci,458 N.W.2d 407, 411 (Minn. 1990). Section 13A-8-196 does not violate Art. I, § 6, Ala. Const. of 1901.[4]
Egbuonu also argues that § 13A-8-192, Ala. Code 1975, is unconstitutional and that the charges against him are void because § 13A-8-192 seeks to extend Alabama's jurisdiction beyond the borders of the State. He argues that no element of the crime with which he is charged occurred in Alabama; therefore, he argues, Alabama is without jurisdiction to prosecute the crime.
No provision in Art. I, § 6, Ala. Const. 1901, limits venue in a criminal case to one county or even one state. Section 13A-8-192, Ala. Code 1975, defines the crime of identity theft as follows:
 "(a) A person commits the crime of identity theft if, without the authorization, consent, or permission of the victim, and with the intent to defraud for his or her own benefit or the benefit of a third person, he or she does any of the following:
 "(1) Obtains, records, or accesses identifying information that would assist in accessing financial resources, obtaining identification documents, or obtaining benefits of the victim.
 "(2) Obtains goods or services through the use of identifying information of the victim.
 "(3) Obtains identification documents in the victim's name."
The Legislature in § 13-8-196 specifically designated that venue is proper either in the county where the crime took place or where the victim resides. Identity theft, by its definition, is a continuing offense that in most instances will occur in more than one county or even more than one state.
However, where there is no legislation on the matter of venue courts look to the purpose of the statute defining the offense. "Venue in a criminal case, though a constitutional matter, requires an inquiry into what conduct the statute proscribes."United States v. Muench, 153 F.3d 1298, 1304 (11th Cir. 1998).
 "[A] review of relevant authorities demonstrates that there is no single defined policy or mechanical test to determine constitutional venue. Rather, the test is best described as a substantial contacts rule that takes into account a number of factors — the site of the defendant's acts, *Page 754 
the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate factfinding. . . .
". . . .
 ". . . [P]laces that suffer the effects of a crime are entitled to consideration for venue purposes. Such districts have an obvious contact with the litigation in their interest in preventing such effects from occurring. To some extent this factor overlaps with the definition and nature of the crime. . . ."
United States v. Reed, 773 F.2d 477, 481-82 (2d Cir. 1985). See also United States v. Johnson, 323 U.S. 273, 65 S.Ct. 249,89 L.Ed. 236 (1944).
Section 13A-8-190, et seq., Ala. Code 1975, entitled, "The Consumer Identity Protection Act," by its very name was enacted to protect Alabama citizens from defendants seeking to steal their identities. Section 13A-8-196 specifically provides that venue is proper where the victim resides. See United States v.Muench, 153 F.3d at 1301-02 ("The victims of Muench's crime . . . are in Florida. Therefore, the United States Attorney for the Northern District of Florida has a particularly strong interest in prosecuting Muench for his failure to pay past due child support."). This issue has no merit.
Egbuonu further argues that Alabama cannot enact identity-theft legislation because the federal government has already passed laws on identity theft.
As the United States Supreme Court stated in United States v.Wheeler, 435 U.S. 313, 320, 98 S.Ct. 1079, 55 L.Ed.2d 303
(1978):
 "States and the National Government are separate political communities. State and Federal Governments `[derive] power from different sources,' each from the organic law that established it. United States v. Lanza, 260 U.S. 377, 382[, 43 S.Ct. 141, 67 L.Ed. 314] [(1922)]. Each has the power, inherent in any sovereign, independently to determine what shall be an offense against its authority and to punish such offenses, and in doing so each `is exercising its own sovereignty, not that of the other.' Ibid. And while the States, as well as the Federal Government, are subject to the overriding requirements of the Federal Constitution, and the Supremacy Clause gives Congress within its sphere the power to enact laws superseding conflicting laws of the States, this degree of federal control over the exercise of state governmental power does not detract from the fact that it is a State's own sovereignty which is the origin of its power."
(Footnote omitted.) This argument thus has no merit.
Egbuonu next argues that his extradition from California was illegal because, he argues, he was incorrectly labeled as a "fugitive." However, as Egbuonu admits in his petition, he waived extradition to return voluntarily to Alabama. As this Court stated in Davis v. State, 536 So.2d 110 (Ala.Crim.App. 1987):
 "[T]he appellant was returned to Alabama because of his voluntary waiver of extradition. In Siegel v. Edwards, 566 F.2d 958, 959-60 (5th Cir. 1978), the court stated:
 "`Although the extradition papers of which appellant complains were never executed, appellant's return to Louisiana was not the result of those extradition papers. Appellant was returned to Louisiana because of his voluntary waiver of extradition. Once a fugitive has been brought within custody of the demanding state, legality of extradition is no longer proper subject of any legal attack by him.'"
536 So.2d at 116.
Last, Egbuonu argues that his $100,000 bail is excessive. Identity theft *Page 755 
in the first degree is a Class C felony. The bail schedule found in Rule 7.2, Ala.R.Crim.P., recommends a bail of between $1,000 to $10,000 for a Class C felony. However, we have held that the factors set out in Rule 7.2(a)(1-14), Ala.R.Crim.P., may be used to increase the recommended bail. See Ex parte Thomas,815 So.2d 592 (Ala.Crim.App. 2001). As Egbuonu goes to great lengths to point out in his brief, he has no ties to Alabama; he is a citizen of Nigeria who was living in California at the time he was arrested. Given the unique circumstances of this case and the sparse record before this Court we cannot say that the $100,000 bail in this case is excessive.
For the foregoing reasons, this petition for a writ of habeas corpus is due to be denied.
PETITION DENIED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur; SHAW, J., concurs in the result.
[1] The victim's name is spelled differently throughout the documents that have been filed with this Court.
[2] The documents that this Court has received contain very little information concerning the facts surrounding the charge.
[3] Rule 9(a), Ala.R.App.P., states:
 "A review authorized by law from an order refusing or imposing conditions of release shall be determined promptly. Upon entry of an order refusing or imposing conditions of release, the trial court shall state in writing the reasons for the action taken. The review shall be heard without the necessity of briefs upon such papers, affidavits and portions of the record as the parties shall present. The appellate court may order the release of the appellant pending the review."
[4] The Minnesota Supreme Court, in State v. Krejci,458 N.W.2d 407 (Minn. 1990), reviewing a special venue statute related to venue for a case involving child abuse, held that the child-abuse statute that provided that venue was proper in the county where the abuse occurred or the county where the child is found did not conflict with Minnesota's constitutional provision regarding venue, which is identical to our constitutional provision on venue.